COPY

1  David C. Powell (SBN 129781)
   Email: dpowell@reedsmith.com
2  Jesse L. Miller (SBN 183229)
   Email: jmiller@reedsmith.com
3  Feather D. Baron (SBN 252489)
   Email: fbaron@reedsmith.com
4  REED SMITH LLP
   101 Second Street, Suite 1800
5  San Francisco, CA 94105-3659
   Telephone: +1 415 543 8700
6  Facsimile: +1 415 391 8269

7  Attorneys for Defendant
   VW Credit, Inc.



FILED
CLERK, U.S. DISTRICT COURT

OCT 1 0 2012

CENTRAL DISTRICT OF CALIFORNIA
BY                           DEPUTY

8

9                   UNITED STATES DISTRICT COURT

10                  CENTRAL DISTRICT OF CALIFORNIA

11

12  HAROUT AKOPIAN, individually and on      Case No. CV 12-8679~MWF
    behalf of other persons similarly situated,                    (VBkx)
13
                                             NOTICE OF REMOVAL
14                 Plaintiff,                PURSUANT TO 28 U.S.C. §§ 1332,
                                             1441 AND 1446 AND THE CLASS
15        vs.                                ACTION FAIRNESS ACT
16  VW CREDIT, INC., a Delaware
    corporation; and DOES 1 through 10.
17
                   Defendants.
18

19

20

21       TO THE CLERK OF THE U.S. DISTRICT COURT FOR THE

     CENTRAL DISTRICT OF CALIFORNIA AND TO PLAINTIFF AND HIS
22
     ATTORNEYS OF RECORD:
23

24       PLEASE TAKE NOTICE that defendant VW Credit, Inc. ("VW Credit" or

25  "Defendant") hereby removes the above-entitled civil action from the Superior Court

26  of the State of California, County of Los Angeles, where it is now pending as Case

27  No. BC488068, to the United States District Court for the Central District of

28  California, pursuant to 28 U.S.C. §§ 1332, 1441 and 1446 and the Class Action

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

REED SMITH LLP

A limited liability partnership formed in the State of Delaware

1   Fairness Act of 2005 ("CAFA"), Pub. L. 109-2, 119 Stat. 4 (2005).  VW Credit

2   alleges that removal is proper for the following reasons:

### REMOVAL TO THIS JUDICIAL DISTRICT IS PROPER AND TIMELY

On or about July 12, 2012, plaintiff Harout Akopian ("Plaintiff") filed the
above-entitled action in the Superior Court of the State of California, County of Los
Angeles.  The County of Los Angeles is within this judicial district.  *See* 28 U.S.C. §
1441(a).  Defendant accepted service of the summons and complaint on September
11, 2012.  *Swearengin v. Continental Ins. Co.*, -- F. Supp. 2d --, 2002 WL 34439648,
at *1 (C.D. Cal. 2002) ("the thirty-day period [to remove] begins when the defendant
is officially served with the summons"), citing *Murphy Bros., Inc. v. Michetti Pipe
Stringing, Inc.*, 526 U.S. 344, 119 S. Ct. 1322 (1999) (same).  The complaint was the
first pleading, notice, order or other paper from which it could be ascertained that this
action is removable.  As of the date of this filing, the thirty-day period since service of
the complaint has not expired.  *See* 28 U.S.C. § 1446(b).

### REMOVAL IS PROPER UNDER
### 28 U.S.C. § 1332 AND THE CLASS ACTION FAIRNESS ACT

This action is a civil action within the original jurisdiction of this Court and
may be removed pursuant to 28 U.S.C. § 1441 and the procedures set forth in 28
U.S.C. § 1446 based on diversity jurisdiction under 28 U.S.C. § 1332(d)(2) and
CAFA.  28 U.S.C. § 1332(d)(2) provides:

> The district courts shall have original jurisdiction of any civil action in
> which the matter in controversy exceeds the sum or value of $5,000,000,
> exclusive of interests and costs, and is a class action in which – (A) any
> member of a class of plaintiffs is a citizen of a State different from any
> defendant[.]

REED SMITH LLP

A limited liability partnership formed in the State of Delaware

28 U.S.C. § 1331(d)(2).  A district court shall decline to exercise jurisdiction of a class action if "the number of members of all proposed plaintiff classes in the aggregate is less than 100."  28 U.S.C. § 1332(d)(5)(B).  Accordingly, 28 U.S.C. § 1332 and CAFA provide that an action may be removed if: (1) the action is a class action; (2) membership in the putative class is not less than 100; (3) minimal diversity of citizenship exists (any member of the plaintiff class is a citizen of a state different from any defendant); and (4) the aggregate amount in controversy exceeds $5,000,000.  The requirements of 28 U.S.C. § 1332(d)(2) are met in this action as set forth below.

**A.      This is a "class action" within the meaning of a 28 U.S.C. § 1332(d)(1)(B).**

28 U.S.C. § 1332(d)(1)(B) provides:

The term 'class action' means any civil action filed under rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action.

Here, Plaintiff allegedly "brings this action on behalf of himself and on behalf of all other similarly situated persons as a class action pursuant to California Code of Civil Procedure Section 382."1  Compl. ¶¶ 11-12.  Plaintiff's sole claim for invasion of privacy in violation of California Penal Code section 632 is based on allegations that persons in California called a VW Credit customer service number number (888) 237-2834 and spoke with a representative without being advised "about the monitoring or recording of the telephone conversation."  Compl. ¶ 11; *see also* Compl. ¶ 6 (alleging that (888) 237-2834 is "Defendant's customer service number").  Plaintiff seeks to represent a class of "not less than 500 members," which he identifies as:

---

1   California Code of Civil Procedure § 382 provides: "If the consent of any one who should have been joined as plaintiff cannot be obtained, he may be made a defendant, the reason thereof being stated in the complaint; and when the question is one of a common or general interest, of many persons, or when the parties are numerous, and it is impracticable to bring them all before the court, one or more may sue or defend for the benefit of all."

DEFENDANT'S NOTICE OF REMOVAL – Case No.                                    US_ACTIVE-110600396.1-FDBARON 10/8/12 5:54 PM

> All persons in California who, at any time since the date three years preceding the filing of this complaint, called the customer service telephone number (888) 237-2834, spoke on the telephone with a customer service representative, and were not given any disclosure about the monitoring or recording of the telephone conversation.

*Id*. ¶¶ 11, 12(a).  Plaintiff thus seeks to represent a class of persons pursuant to the applicable California state statute authorizing an action to be brought as a class action, California Code of Civil Procedure section 382.  Accordingly, this action is a "class action" within the meaning of 28 U.S.C. § 1332(d)(1)(B).

**B.      Membership in the putative class is not less than 100.**

Plaintiff alleges that "there are not less than 500 members in the Class." Compl. ¶ 12(a).  VW Credit denies that this action is appropriate for class treatment. Nevertheless, if this action is determined to be appropriate for class treatment, the number of proposed class members alleged is not less than 100.

**C.      The required minimal diversity of citizenship exists.**

28 U.S.C. § 1332(d)(2)(A) requires that "any member of a class of plaintiffs is a citizen of a State different from any defendant."  Here, Plaintiff is a citizen of the State of California and VW Credit is a citizen of the States of Delaware and Virginia.

**1.      Plaintiff is a citizen of the State of California.**

Plaintiff is a citizen of the State of California.  Plaintiff alleges that he is "a resident of Los Angeles County in California."  Compl. ¶ 6.  A person is a "citizen" of the state where he or she is domiciled.  *Kanter v. Warner–Lambert Co.*, 265 F. 3d 853, 857 (9th Cir. 2001).  The place of residence is *prima facie* evidence of citizenship.

US_ACTIVE-110600396.1-FDBARON 10/8/12 5:54 PM

DEFENDANT'S NOTICE OF REMOVAL – Case No.

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

1   *See Marsikyan v. Porsche Cars North America, Inc.*, -- F. Supp. 2d --, 2012 WL

2   280585, at *1 (C.D. Cal. 2012); *see also* 28 U.S.C. § 1332(d)(5) ("Citizenship of the

3   members of the proposed classes shall be determined for the purposes of paragraphs

4   (2) through (6) as of the date of filing of the complaint…").

6   **2.      Defendant is a citizen of the State of Delaware.**

8   VW Credit is a Delaware corporation and has its principal place of business in

9   Virginia.  *See* Declaration of Edmund Field in Support of Notice of Removal ("Field

10  Decl."), at ¶ 4.  Under 28 U.S.C. § 1332(c)(1), "[a] corporation shall be deemed to be

11  a citizen of any State by which it has been incorporated and of the State where it has

12  its principal place of business…"  Accordingly, VW Credit is a citizen of Delaware

13  and Virginia.

15  **3.      There are no other defendants in this action.**

17  VW Credit is informed and believes that DOES 1 through 10 are defendants

18  sued under fictitious names and have not been served.

20  **4.      None of the "home state" or "local controversy" exceptions described
        in 28 U.S.C. § 1332(d) are applicable to this action.**

22  A district court may decline to exercise jurisdiction under CAFA in the case of

23  certain "home state" or "local controversy" exceptions.  Such exceptions are

24  applicable only if the primary defendant "is a citizen of the State in which the action

25  was originally filed."  *See* 28 U.S.C. § 1332(d)(4)(A)(i)(II)(cc); *see also* 28 U.S.C.

26  §§1332(d)(4)(B), 1332(d)(3).  Here, because VW Credit is a citizen of Delaware and

27  Virginia, and this action was filed in California State Court, none of these exceptions

28  apply.

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

REED SMITH LLP

A limited liability partnership formed in the State of Delaware

**D.     The aggregate amount in controversy exceeds $5,000,000.**

This action satisfies the requirement of 28 U.S.C. § 1332(d)(2) in that the aggregate amount in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs. *See also* 28 U.S.C. § 1332(d)(6) ("the claims of individual class members shall be aggregated to determine whether the matter in controversy exceeds the sum or value of $5,000,000"). The requirement under CAFA that the amount in controversy exceed $5,000,000 in the aggregate may be established "either from the viewpoint of the plaintiff or the viewpoint of the defendant, and regardless of the type of relief sought (e.g., damages, injunctive relief, or declaratory relief)." *See* S. Comm. on the Judiciary, Class Action Fairness Act of 2005, S. Rep. No. 109-14, at 40 (Feb. 28, 2005).

In measuring the amount in controversy, the "ultimate inquiry is . . . what amount is put 'in controversy' by the plaintiff's complaint or other papers, not what the defendant will actually owe for the actual number of violations that occurred, if any." *Heejin Lim v. Helio, LLC*, -- F. Supp. 2d --, 2012 WL 359304, at *2 (C.D. Cal. 2012) ("courts recognize that under this standard, a removing defendant is not obligated to research, state, and prove the plaintiffs' claims for damages"). The amount in controversy is satisfied if "Plaintiff is seeking recovery from a pot that Defendant has shown *could* exceed $5 million." *Lewis v. Verizon Communications, Inc.*, 627 F.3d 395, 401 (9th Cir. 2010) (where plaintiff alleged that putative class was billed for "unauthorized" charges, defendant's evidence that all billings during the putative class period exceeded $5 million satisfied the amount in controversy; defendant was not obligated to differentiate between alleged "authorized" and "unauthorized" billings) (emph. added). "Once the proponent of federal jurisdiction has explained plausibly how the stakes exceed $5 million, . . . then the case belongs in federal court unless it is legally impossible for the plaintiff to recover that much." *Id.*

The putative class, according to the complaint, consists of "[a]ll persons in California who, at any time since the date three years preceding the filing of this complaint, called the customer service telephone number (888) 237-2834, spoke on the telephone with a customer service representative, and were not given any disclosure about the monitoring or recording of the telephone conversation." Compl. ¶ 11. Plaintiff alleges that "the Class members are so numerous that the individual joinder of all of them as named plaintiffs is impracticable" and that "there are not less than 500 members in the Class." *Id.* ¶ 12(a). Pursuant to California Penal Code section 637.2, Plaintiff seeks statutory damages of $5,000 "for each invasion of [the putative class members'] privacy in violation of Penal Code Section 632 without having to prove that they suffered or were threatened with any actual monetary damages." *Id.* ¶ 19.

Defendant denies Plaintiff's allegations and denies it has any liability to Plaintiff or the purported class and denies that Plaintiff's claims are appropriate for class treatment. Defendant also disputes the applicability of the three-year time period alleged by Plaintiff. Nevertheless, as alleged, the relief sought in the Complaint exceeds the $5 million threshold. During the three-year period alleged in the complaint (*i.e.*, July 12, 2009 to present), over 1,000 calls were placed to Defendant's customer service telephone number (888-237-2834) by callers who then spoke with a VW Credit customer service representative during the call. *See* Field Decl., at ¶¶ 2-3. Because Plaintiff seeks statutory damages of $5,000 per call with a VW Credit customer service representative during which the caller allegedly did not receive a disclosure regarding monitoring or recording the call, and because and more than 1,000 calls were received by VW Credit during the alleged putative class period, "Plaintiff is seeking recovery from a pot that . . . *could* exceed $5 million." *Lewis*, 627 F. 3d at 401 (emph. added); *see also* Field Decl., at ¶ 3. The amount in controversy is therefore satisfied.

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

US_ACTIVE-110600396.1-FDBARON 10/8/12 5:54 PM

DEFENDANT'S NOTICE OF REMOVAL – Case No.

<u>**ALL PAPERS, PLEADINGS AND ORDERS SERVED ON DEFENDANT ARE**</u>

<u>**ATTACHED AND NOTICE OF REMOVAL WILL BE FILED WITH THE**</u>

<u>**STATE COURT**</u>

Attached hereto as **Exhibit A** is a true and correct copy of the summons and complaint, which VW Credit accepted service of on September 11, 2012, as well as all other documents Plaintiff provided VW Credit in connection with this civil action in the Los Angeles County Superior Court.

A Notice to Adverse Parties and State Court of Removal to Federal Court will be filed with the Los Angeles County Superior Court and will be served on Plaintiff.

DATED: October 8, 2012.                    REED SMITH LLP

                                            By
                                               Jesse L. Miller (SBN 183229)
                                               Feather D. Baron (SBN 252489)
                                               Attorneys for Defendant VW Credit, Inc.,

US_ACTIVE-110600396.1-FDBARON 10/8/12 5:54 PM

DEFENDANT'S NOTICE OF REMOVAL – Case No.

EXHIBIT 1



SUM-100

# SUMMONS
## (CITACION JUDICIAL)

| | |
|---|---|
| **NOTICE TO DEFENDANT:**<br>*(AVISO AL DEMANDADO):*<br><br>VW CREDIT, INC, a Delaware Corporation; and DOES 1 through 10 | **FOR COURT USE ONLY**<br>*(SOLO PARA USO DE LA CORTE)*<br><br> |

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

HAROUT AKOPIAN, individually and on behalf of persons similarly situated

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is:<br>*(El nombre y dirección de la corte es):* Stanley Mosk Courthouse<br><br>111 North Hill Street,<br>Los Angeles, CA 90012 | **CASE NUMBER:**<br>*(Número del Caso):*<br><br>BC 488068 |
|---|---|

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Karasik Law Firm, 11835 W. Olympic Blvd., Ste. 1275, Los Angeles, CA 90064

| DATE:<br>*(Fecha):* JUL 1 2 2012 | JOHN A. CLARKE, Clerk, by<br>*(Secretario)* Mary Flores | , Deputy<br>*(Adjunto)* |
|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010).)*

| [SEAL] | **NOTICE TO THE PERSON SERVED:** You are served<br>1. ☐ as an individual defendant.<br>2. ☐ as the person sued under the fictitious name of *(specify):*<br><br>3. ☐ on behalf of *(specify):*<br><br>   under: ☐ CCP 416.10 (corporation)    ☐ CCP 416.60 (minor)<br>          ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)<br>          ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)<br>          ☐ other *(specify):*<br>4. ☐ by personal delivery on *(date):* |
|---|---|

Page 1 of 1

Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465<br>www.courtinfo.ca.gov<br><br>American LegalNet, Inc.<br>www.FormsWorkflow.com

NEXT DOCUMENT



**BY FAX**

1   Gregory N. Karasik (SBN 115834)
    greg@karasiklawfirm.com
2   **Karasik Law Firm**
    11835 W. Olympic Blvd. Ste. 1275
3   Los Angeles, CA 90064
    Tel (310) 312-6800
4   Fax (310) 943-2582

5   Attorneys for Plaintiff
    HAROUT AKOPIAN

6

CONFORMED COPY
ORIGINAL FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF LOS ANGELES

JUL 12 2012

John A. Clarke, Executive Officer/Clerk

BY _____, Deputy
        Mary Flores

7

8                    SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                         COUNTY OF LOS ANGELES

10   HAROUT AKOPIAN, individually and on      Case No.
     behalf of other persons similarly situated,
11                                            BC 4 8 8 0 6 8
                    Plaintiff,
                                              CLASS ACTION
12        vs.
                                              **COMPLAINT FOR STATUTORY
13   VW CREDIT, INC., a Delaware corporation; DAMAGES FOR UNLAWFUL RECORDING
     and DOES 1 through 10.                   OF CONFIDENTIAL COMMUNICATIONS**
14
                    Defendants.
15

16

17

18        Plaintiff HAROUT AKOPIAN ("Plaintiff"), on behalf of himself and all others similarly

19   situated, complains and alleges as follows:

20                              **INTRODUCTION**

21        1.    This class action lawsuit arises out of the unlawful recording of confidential telephone

22   conversations by defendant VW Credit, Inc. ("Defendant"). Without obtaining the consent of

23   consumers who call Defendant's customer service number (888) 237-2834 and speak on the telephone

24   with a customer service representative, Defendant records their telephone conversations. Recording of

25   the telephone calls made by consumers without obtaining their consent constitutes a violation of Penal

26   Code Section 632. Pursuant to Penal Code Section 637.2, every consumer who had one or more of

27   their confidential telephone conversations with Defendant recorded without their consent is entitled to

28   statutory damages in the amount of $5,000.

                                        1
                                   COMPLAINT

**JURISDICTION AND VENUE**

4.      Venue is proper in this Judicial district and the County of Los Angeles because telephone calls that are the subject of this action occurred in the County of Los Angeles and Defendant's legal obligations to class members under California law arose and were breached in the County of Los Angeles.

5.      The California Superior Court has jurisdiction in this matter because Plaintiff is a resident of California, Defendant is qualified to do business in California, and Defendant regularly conducts business in California.  Further, there is no federal question at issue as the claims herein are based solely on California law.

**THE PARTIES**

Plaintiff

6.      Plaintiff is a resident of Los Angeles County in California.  Plaintiff owns a vehicle that is financed through Defendant.  On the following dates, Plaintiff called Defendant's customer service number (888) 237-2834 and spoke with a customer service representative: May 17, 2011 and June 3, 2011.  Unbeknownst to Plaintiff at the time of those telephone conversations, Defendant recorded each telephone conversation.  Defendant's recording of Plaintiff's telephone calls to Plaintiff was intentional.  Defendant deliberately and consciously acquired, installed and/or used equipment designed to record telephone calls to Defendant.  Plaintiff did not learn that his calls to Defendant had been recorded until approximately March 2012.  At no time prior to or during any of the telephone conversations did Defendant disclose or otherwise provide notice to Plaintiff that Defendant would or might record the conversation.  During each conversation, Plaintiff had an objectively reasonable belief that the telephone conversation was not being recorded.  Disclosure by companies that telephone calls to them are being monitored or recorded has become commonplace and Plaintiff, like many other consumers, has often heard disclosures about recording of telephone calls.  The fact that no such disclosures were given when Plaintiff called Defendant led Plaintiff to reasonably believe that his telephone calls to Defendant were not being recorded, such that Defendant recorded those conversations without the consent of Plaintiff and without even giving Plaintiff the opportunity to consent to their recording.

7.    The members of the Class are identifiable, similarly situated persons who called Defendant's customer service telephone number (888) 237-2834 and spoke on the telephone with a customer service representative of Defendant, whose telephone conversation was recorded by Defendant without their knowledge or consent.

Defendants

8.    Defendant is a corporation organized under the laws of the state of Delaware with its principal place of business in Libertyville, Illinois.

9.    Plaintiff is ignorant of the true name, capacity, relationship and extent of participation in the conduct herein alleged of the Defendants sued herein as DOES 1 through 10, but is informed and believes and thereon alleges that said defendants are legally responsible for the wrongful conduct alleged herein and therefore sue these defendants by such fictitious names.  Plaintiff will amend this complaint to allege their true names and capacities when ascertained.

10.    Plaintiff is informed and believes and thereon alleges that each defendant acted in all respects pertinent to this action as the agent of the other defendants and/or carried out a joint scheme, business plan or policy in all respects pertinent hereto, and/or the acts of each defendant are legally attributable to the other defendants

## CLASS ACTION ALLEGATIONS

11.    Plaintiff brings this action on behalf of himself and on behalf of all other similarly situated persons as a class action pursuant to Code of Civil Procedure Section 382.  The members of the Class are defined as follows:

All persons in California who, at any time since the date three years preceding the filing of this complaint, called the customer service telephone number (888) 237-2834, spoke on the telephone with a customer service representative, and were not given any disclosure about the monitoring or recording of the telephone conversation.

12.    This action has been brought and may be maintained as a class action pursuant to Code of Civil Procedure Section 382 because there is a well defined community of interests among many persons who comprise a readily ascertainable class:

a.    The Class members are so numerous that the individual joinder of all of them as

named plaintiffs is impracticable.  While the exact number of Class members is unknown to Plaintiff at this time, Plaintiff is informed and believes and thereon alleges that there are not less than 500 members in the Class.

b.    Common questions of law and fact exist as to members of the Class and predominate over any questions which affect only individual members of the Class.  These common questions include, but are not limited to:

(1)    Does Defendant have a policy or practice of recording telephone conversations between its customer service representatives and persons who call the customer service telephone number (888) 237-2834?

(2)    Does Defendant have a policy or practice of not informing persons who speak with a customer service representative during telephone calls made to its customer service telephone number (888) 237-2834 that their telephone conversation will or may be recorded?

(3)    Did Defendant violate Penal Code Section 632 by intentionally recording the telephone conversations of Class members without their consent?

(4)    Are Class members entitled under Penal Code Section 637.2 to statutory damages of $5,000 for every violation of Penal Code Section 632?

c.    Plaintiff is a member of the Class and the claims of Plaintiff are typical of the claims of the other class members who Plaintiff seeks to represent.  Plaintiff and other members of the Class suffered the same injuries and seek the same relief.

d.    Plaintiff will adequately and fairly protect the interests of the members of the Class.  Plaintiff has no interest adverse to the interests of absent class members and Plaintiff is represented by legal counsel with substantial litigation and class action experience.

e.    A class action is superior to other available means (if any) for fair and efficient adjudication of the claims of the Class and would be beneficial for the parties and the court.  Class action treatment will allow a large number of similarly situated persons to prosecute their common claims in a single forum

simultaneously, efficiently, and without the unnecessary duplication of effort and expense that numerous individual actions would require. The monetary amounts due to many individual Class members are likely to be relatively small, and the burden and expense of litigation would make it difficult or impossible for Class members to seek and obtain relief through individual lawsuits. A class action will serve an important public interest by providing Class members an effective mechanism for redress of violation of their statutory rights.

13.     Plaintiff is presently unaware of any difficulties that are likely to be encountered in the management of this action that would preclude its maintenance as a class action, but reserves the right to modify his allegations and/or the class definitions based on further investigation, discovery or legal developments.

## FIRST CAUSE OF ACTION

## UNLAWFUL RECORDING OF CONFIDENTIAL COMMUNICATIONS

### (By Plaintiff and the Class against all Defendants)

14.     Plaintiff incorporates paragraphs 1 through 13 of this complaint as if fully alleged herein.

15.     At all relevant times, Plaintiff and the other members of the Class were persons entitled to legal protection against invasion of privacy pursuant to Penal Code Section 632.

16.     Pursuant to Penal Code Section 632, it is unlawful to intentionally record a confidential telephone conversation without the consent of all parties to that conversation.

17.     Defendant intentionally recorded the confidential telephone conversations of Plaintiff and other members of the Class in violation of Penal Code Section 632. Plaintiff is informed and believes and thereon alleges that within the limitations period applicable to this cause of action, Defendant consciously and deliberately acquired, installed and/or used equipment designed to record telephone calls to Defendant's customer service number (888) 237-2834, and Defendant had a practice of recording telephone conversations between customer service representatives and persons who called Defendant's customer service telephone number (888) 237-2834 without notifying the persons who called Defendant that their telephone conversation would or might be recorded. In light of the ubiquity

of disclosures from other companies about the monitoring or recording of telephone calls, the failure of Defendant to give any disclosure that the telephone conversation would or might be recorded led Plaintiff and other members of the Class to reasonably expect that their telephone calls to Defendant would not be recorded but would be confidential.

18.    As a result of its conduct, Defendant caused legal harm or injury to Plaintiff and other members of the Class by invading their privacy in violation of Penal Code Section 632.

19.    Pursuant to Penal Code Section 637.2, Plaintiff and other members of the Class are entitled to recover $5,000 in statutory damages for each invasion of their privacy in violation of Penal Code Section 632 without having to prove that they suffered or were threatened with any actual monetary damages.

20.    Plaintiff and members of the Class are entitled to recover reasonable attorney's fees pursuant to Code of Civil Procedure Section 1021.5, the substantial benefit doctrine and/or the common fund doctrine.

## **PRAYER FOR RELIEF**

WHEREFORE, on behalf of himself and all others similarly situated, Plaintiff prays for judgment against Defendants as follows:

A.    An order certifying this case as a class action;

B.    An order appointing Plaintiff a class representative;

C.    An order appointing Plaintiff's counsel as class counsel;

D.    Statutory damages pursuant to Penal Code Section 637.2;

E.    Costs of suit;

F.    Reasonable attorney's fees; and

G.    Such other relief as the Court may deem just and proper.

Dated: July 12, 2012                          KARASIK LAW FIRM

                              By    _____
                                   Gregory N. Karasik
                                   Attorneys for Plaintiff
                                   HAROUT AKOPIAN

NEXT DOCUMENT



**BY FAX**

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Gregory N. Karasik<br>Karasik Law Firm<br>11835 W. Olympic Blvd., Ste. 1275<br>Los Angeles, CA 90064<br>TELEPHONE NO.: (310) 312-6800   FAX NO.: (310) 943-2582<br>ATTORNEY FOR *(Name):* Harout Akopian | **CONFORMED COPY**<br>**ORIGINAL FILED**<br>SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF LOS ANGELES<br><br>JUL 12 2012<br><br>John A. Clarke, Executive Officer/Clerk<br>BY_____, Deputy<br>Mary Flores |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  Los Angeles
STREET ADDRESS: 111 North Hill Street
MAILING ADDRESS: Same As Above
CITY AND ZIP CODE: Los Angeles, CA 90012
BRANCH NAME: Stanley Mosk Courthouse

CASE NAME:
Akopian v. VW Credit, Inc., and DOES 1 through 10

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: |
|---|---|---|---|---|
| ☑ Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | ☐ Limited<br>(Amount<br>demanded is<br>$25,000 or less) | ☐ Counter   ☐ Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | | BC 488068 |
| | | | JUDGE: | |
| | | | DEPT: | |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

| Auto Tort | Contract | Provisionally Complex Civil Litigation |
|---|---|---|
| ☐ Auto (22) | ☐ Breach of contract/warranty (06) | (Cal. Rules of Court, rules 3.400–3.403) |
| ☐ Uninsured motorist (46) | ☐ Rule 3.740 collections (09) | ☐ Antitrust/Trade regulation (03) |
| **Other PI/PD/WD (Personal Injury/Property** | ☐ Other collections (09) | ☐ Construction defect (10) |
| **Damage/Wrongful Death) Tort** | ☐ Insurance coverage (18) | ☐ Mass tort (40) |
| ☐ Asbestos (04) | ☐ Other contract (37) | ☐ Securities litigation (28) |
| ☐ Product liability (24) | **Real Property** | ☐ Environmental/Toxic tort (30) |
| ☐ Medical malpractice (45) | ☐ Eminent domain/Inverse | ☑ Insurance coverage claims arising from the |
| ☐ Other PI/PD/WD (23) | condemnation (14) | above listed provisionally complex case |
| **Non-PI/PD/WD (Other) Tort** | ☐ Wrongful eviction (33) | types (41) |
| ☑ Business tort/unfair business practice (07) | ☐ Other real property (26) | **Enforcement of Judgment** |
| ☐ Civil rights (08) | **Unlawful Detainer** | ☐ Enforcement of judgment (20) |
| ☐ Defamation (13) | ☐ Commercial (31) | **Miscellaneous Civil Complaint** |
| ☐ Fraud (16) | ☐ Residential (32) | ☐ RICO (27) |
| ☐ Intellectual property (19) | ☐ Drugs (38) | ☐ Other complaint *(not specified above)* (42) |
| ☐ Professional negligence (25) | **Judicial Review** | **Miscellaneous Civil Petition** |
| ☐ Other non-PI/PD/WD tort (35) | ☐ Asset forfeiture (05) | ☐ Partnership and corporate governance (21) |
| **Employment** | ☐ Petition re: arbitration award (11) | ☐ Other petition *(not specified above)* (43) |
| ☐ Wrongful termination (36) | ☐ Writ of mandate (02) | |
| ☐ Other employment (15) | ☐ Other judicial review (39) | |

2. This case ☑ is   ☐ is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties          d. ☐ Large number of witnesses
   b. ☑ Extensive motion practice raising difficult or novel     e. ☐ Coordination with related actions pending in one or more courts
      issues that will be time-consuming to resolve                  in other counties, states, or countries, or in a federal court
   c. ☑ Substantial amount of documentary evidence              f. ☑ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. ☑ monetary   b. ☐ nonmonetary; declaratory or injunctive relief   c. ☐ punitive
4. Number of causes of action *(specify):* One
5. This case ☑ is   ☐ is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: July 12, 2012

Gregory N. Karasik
(TYPE OR PRINT NAME)                                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**
**NOTICE OF CASE ASSIGNMENT – CLASS ACTION CASES**

Case Number

**THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT**
Your case is assigned for all purposes to the judicial officer indicated below (Local Rule 3.3(c)).

BC 488068

| ASSIGNED JUDGE | DEPT | ROOM |
|---|---|---|
| Judge Elihu M. Berle | 323 | 1707 |
| Judge Kenneth Freeman | 322 | 1702 |
| Judge William F. Highberger | 307 | 1402 |
| Judge Jane Johnson | 308 | 1415 |
| Judge Anthony J. Mohr | 309 | 1409 |
| Judge John Shepard Wiley, Jr. | 311 | 1408 |
| OTHER | | |

## Instructions for handling Class Action Civil Cases

The following critical provisions of the Chapter Three Rules, as applicable in the Central District, are summarized for your assistance.

### APPLICATION

The Chapter Three Rules were effective January 1, 1994. They apply to all general civil cases.

### PRIORITY OVER OTHER RULES

The Chapter Three Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

### CHALLENGE TO ASSIGNED JUDGE

A challenge under Code of Civil Procedure section 170.6 must be made within 15 days after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

### TIME STANDARDS

Cases assigned to the Individual Calendaring Court will be subject to processing under the following time standards:

**COMPLAINTS:** All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days of filing.

**CROSS-COMPLAINTS:** Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed. Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

A Status Conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint. Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

### FINAL STATUS CONFERENCE

The Court will require the parties at a status conference not more than 10 days before the trial to have timely filed and served all motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested jury instructions, and special jury instructions and special jury verdicts. These matters may be heard and resolved at this conference. At least 5 days before this conference, counsel must also have exchanged lists of exhibits and witnesses and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Eight of the Los Angeles Superior Court Rules.

### SANCTIONS

The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Three Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Three Rules. Such sanctions may be on a party or if appropriate on counsel for the party.

This is not a complete delineation of the Chapter Three Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction. Careful reading and compliance with the actual Chapter Rules is absolutely imperative.

Given to the Plaintiff/Cross-Complainant/Attorney of Record on _____ JOHN A. CLARKE, Executive Officer/Clerk

By _____ , Deputy Clerk

NEXT DOCUMENT

COPY



BY FAX

| SHORT TITLE: AKOPIAN V. VW CREDIT, INC., AND DOES 1 THROUGH 10 | CASE NUMBER BC 488068 |
|---|---|

## CIVIL CASE COVER SHEET ADDENDUM AND
## STATEMENT OF LOCATION
### (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

> This form is required pursuant to Local Rule 2.0 in all new civil case filings in the Los Angeles Superior Court.

**Item I.** Check the types of hearing and fill in the estimated length of hearing expected for this case:

JURY TRIAL? ☐ YES   CLASS ACTION? ☑ YES   LIMITED CASE? ☐ YES   TIME ESTIMATED FOR TRIAL ____ ☐ HOURS/ ☐ DAYS

**Item II.** Indicate the correct district and courthouse location (4 steps – if you checked "Limited Case", skip to Item III, Pg. 4):

**Step 1:** After first completing the Civil Case Cover Sheet form, find the main Civil Case Cover Sheet heading for your case in the left margin below, and, to the right in Column **A**, the Civil Case Cover Sheet case type you selected.

**Step 2:** Check **one** Superior Court type of action in Column **B** below which best describes the nature of this case.

**Step 3:** In Column **C**, circle the reason for the court location choice that applies to the type of action you have checked. For any exception to the court location, see Local Rule 2.0.

> **Applicable Reasons for Choosing Courthouse Location (see Column C below)**

1. Class actions must be filed in the Stanley Mosk Courthouse, central district.
2. May be filed in central (other county, or no bodily injury/property damage).
3. Location where cause of action arose.
4. Location where bodily injury, death or damage occurred.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.
7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office

**Step 4:** Fill in the information requested on page 4 in Item III; complete Item IV. Sign the declaration.

| | **A** Civil Case Cover Sheet Category No. | **B** Type of Action (Check only one) | **C** Applicable Reasons - See Step 3 Above |
|---|---|---|---|
| **Auto Tort** | Auto (22) | ☐ A7100  Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1., 2., 4. |
| | Uninsured Motorist (46) | ☐ A7110  Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1., 2., 4. |
| **Other Personal Injury/ Property Damage/Wrongful Death Tort** | Asbestos (04) | ☐ A6070  Asbestos Property Damage | 2. |
| | | ☐ A7221  Asbestos - Personal Injury/Wrongful Death | 2. |
| | Product Liability (24) | ☐ A7260  Product Liability (not asbestos or toxic/environmental) | 1., 2., 3., 4., 8. |
| | Medical Malpractice (45) | ☐ A7210  Medical Malpractice - Physicians & Surgeons | 1., 4. |
| | | ☐ A7240  Other Professional Health Care Malpractice | 1., 4. |
| | Other Personal Injury Property Damage Wrongful Death (23) | ☐ A7250  Premises Liability (e.g., slip and fall) | 1., 4. |
| | | ☐ A7230  Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.) | 1., 4. |
| | | ☐ A7270  Intentional Infliction of Emotional Distress | 1., 3. |
| | | ☐ A7220  Other Personal Injury/Property Damage/Wrongful Death | 1., 4. |

LACIV 109 (Rev. 03/11)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.0
Page 1 of 4

| SHORT TITLE: AKOPIAN V. VW CREDIT, INC., AND DOES 1 THROUGH 10 | | CASE NUMBER |
| --- | --- | --- |

| | **A**<br>Civil Case Cover Sheet Category No. | **B**<br>Type of Action<br>(Check only one) | **C**<br>Applicable Reasons -<br>See Step 3 Above |
| --- | --- | --- | --- |
| **Non-Personal Injury/ Property Damage/ Wrongful Death Tort** | Business Tort (07) | ☑ A6029  Other Commercial/Business Tort (not fraud/breach of contract) | 1., 3. |
| | Civil Rights (08) | ☐ A6005  Civil Rights/Discrimination | 1., 2., 3. |
| | Defamation (13) | ☐ A6010  Defamation (slander/libel) | 1., 2., 3. |
| | Fraud (16) | ☐ A6013  Fraud (no contract) | 1., 2., 3. |
| | Professional Negligence (25) | ☐ A6017  Legal Malpractice | 1., 2., 3. |
| | | ☐ A6050  Other Professional Malpractice (not medical or legal) | 1., 2., 3. |
| | Other (35) | ☐ A6025  Other Non-Personal Injury/Property Damage tort | 2., 3. |
| **Employment** | Wrongful Termination (36) | ☐ A6037  Wrongful Termination | 1., 2., 3. |
| | Other Employment (15) | ☐ A6024  Other Employment Complaint Case | 1., 2., 3. |
| | | ☐ A6109  Labor Commissioner Appeals | 10. |
| **Contract** | Breach of Contract/ Warranty (06)<br>(not insurance) | ☐ A6004  Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction) | 2., 5. |
| | | ☐ A6008  Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence) | 2., 5. |
| | | ☐ A6019  Negligent Breach of Contract/Warranty (no fraud) | 1., 2., 5. |
| | | ☐ A6028  Other Breach of Contract/Warranty (not fraud or negligence) | 1., 2., 5. |
| | Collections (09) | ☐ A6002  Collections Case-Seller Plaintiff | 2., 5., 6. |
| | | ☐ A6012  Other Promissory Note/Collections Case | 2., 5. |
| | Insurance Coverage (18) | ☐ A6015  Insurance Coverage (not complex) | 1., 2., 5., 8. |
| | Other Contract (37) | ☐ A6009  Contractual Fraud | 1., 2., 3., 5. |
| | | ☐ A6031  Tortious Interference | 1., 2., 3., 5. |
| | | ☐ A6027  Other Contract Dispute(not breach/insurance/fraud/negligence) | 1., 2., 3., 8. |
| **Real Property** | Eminent Domain/Inverse Condemnation (14) | ☐ A7300  Eminent Domain/Condemnation        Number of parcels_____ | 2. |
| | Wrongful Eviction (33) | ☐ A6023  Wrongful Eviction Case | 2., 6. |
| | Other Real Property (26) | ☐ A6018  Mortgage Foreclosure | 2., 6. |
| | | ☐ A6032  Quiet Title | 2., 6. |
| | | ☐ A6060  Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2., 6. |
| **Unlawful Detainer** | Unlawful Detainer-Commercial (31) | ☐ A6021  Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer-Residential (32) | ☐ A6020  Unlawful Detainer-Residential (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer-Post-Foreclosure (34) | ☐ A6020F Unlawful Detainer-Post-Foreclosure | 2., 6. |
| | Unlawful Detainer-Drugs (38) | ☐ A6022  Unlawful Detainer-Drugs | 2., 6. |

**CIVIL CASE COVER SHEET ADDENDUM**
**AND STATEMENT OF LOCATION**

| SHORT TITLE: AKOPIAN V. VW CREDIT, INC., AND DOES 1 THROUGH 10 | | CASE NUMBER |
|---|---|---|

| | **A**<br>Civil Case Cover Sheet<br>Category No. | **B**<br>Type of Action<br>(Check only one) | **C**<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Judicial Review** | Asset Forfeiture (05) | ☐ A6108  Asset Forfeiture Case | 2., 6. |
| | Petition re Arbitration (11) | ☐ A6115  Petition to Compel/Confirm/Vacate Arbitration | 2., 5. |
| | Writ of Mandate (02) | ☐ A6151  Writ - Administrative Mandamus | 2., 8. |
| | | ☐ A6152  Writ - Mandamus on Limited Court Case Matter | 2. |
| | | ☐ A6153  Writ - Other Limited Court Case Review | 2. |
| | Other Judicial Review (39) | ☐ A6150  Other Writ /Judicial Review | 2., 8. |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ A6003  Antitrust/Trade Regulation | 1., 2., 8. |
| | Construction Defect (10) | ☐ A6007  Construction Defect | 1., 2., 3. |
| | Claims Involving Mass Tort (40) | ☐ A6006  Claims Involving Mass Tort | 1., 2., 8. |
| | Securities Litigation (28) | ☐ A6035  Securities Litigation Case | 1., 2., 8. |
| | Toxic Tort Environmental (30) | ☐ A6036  Toxic Tort/Environmental | 1., 2., 3., 8. |
| | Insurance Coverage Claims from Complex Case (41) | ☐ A6014  Insurance Coverage/Subrogation (complex case only) | 1., 2., 5., 8. |
| **Enforcement of Judgment** | Enforcement of Judgment (20) | ☐ A6141  Sister State Judgment | 2., 9. |
| | | ☐ A6160  Abstract of Judgment | 2., 6. |
| | | ☐ A6107  Confession of Judgment (non-domestic relations) | 2., 9. |
| | | ☐ A6140  Administrative Agency Award (not unpaid taxes) | 2., 8. |
| | | ☐ A6114  Petition/Certificate for Entry of Judgment on Unpaid Tax | 2., 8. |
| | | ☐ A6112  Other Enforcement of Judgment Case | 2., 8., 9. |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ A6033  Racketeering (RICO) Case | 1., 2., 8. |
| | Other Complaints (Not Specified Above) (42) | ☐ A6030  Declaratory Relief Only | 1., 2., 8. |
| | | ☐ A6040  Injunctive Relief Only (not domestic/harassment) | 2., 8. |
| | | ☐ A6011  Other Commercial Complaint Case (non-tort/non-complex) | 1., 2., 8. |
| | | ☐ A6000  Other Civil Complaint (non-tort/non-complex) | 1., 2., 8. |
| **Miscellaneous Civil Petitions** | Partnership Corporation Governance (21) | ☐ A6113  Partnership and Corporate Governance Case | 2., 8. |
| | Other Petitions (Not Specified Above) (43) | ☐ A6121  Civil Harassment | 2., 3., 9. |
| | | ☐ A6123  Workplace Harassment | 2., 3., 9. |
| | | ☐ A6124  Elder/Dependent Adult Abuse Case | 2., 3., 9. |
| | | ☐ A6190  Election Contest | 2. |
| | | ☐ A6110  Petition for Change of Name | 2., 7. |
| | | ☐ A6170  Petition for Relief from Late Claim Law | 2., 3., 4., 8. |
| | | ☐ A6100  Other Civil Petition | 2., 9. |

LACIV 109 (Rev. 03/11)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.0
Page 3 of 4

| SHORT TITLE: AKOPIAN V. VW CREDIT, INC., AND DOES 1 THROUGH 10 | CASE NUMBER |
|---|---|

**Item III.** Statement of Location: Enter the address of the accident, party's residence or place of business, performance, or other circumstance indicated in Item II., **Step 3** on Page 1, as the proper reason for filing in the court location you selected.

| REASON: Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected for this case.<br><br>☑1. ☐2. ☐3. ☐4. ☐5. ☐6. ☐7. ☐8. ☐9. ☐10. | ADDRESS:<br>STANLEY MOSK COURTHOUSE<br>111 NORTH HILL STREET<br>LOS ANGELES, CA 90012 |
|---|---|

| CITY: LOS ANGELES | STATE: CA | ZIP CODE: 90012 | |
|---|---|---|---|

**Item IV.** *Declaration of Assignment*: I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that the above-entitled matter is properly filed for assignment to the _Stanley Mosk_ courthouse in the _Central_ District of the Superior Court of California, County of Los Angeles [Code Civ. Proc., § 392 et seq., and Local Rule 2.0, subds. (b), (c) and (d)].

Dated: _July 12, 2012_

_____
(SIGNATURE OF ATTORNEY/FILING PARTY)

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.

2. If filing a Complaint, a completed Summons form for issuance by the Clerk.

3. Civil Case Cover Sheet, Judicial Council form CM-010.

4. Civil Case Cover Sheet Addendum and Statement of Location form, LACIV 109, LASC Approved 03-04 (Rev. 03/11).

5. Payment in full of the filing fee, unless fees have been waived.

6. A signed order appointing the Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court in order to issue a summons.

7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

NEXT DOCUMENT

1

2

3

4

5

ORIGINAL FILED

AUG 1 ? 2012

LOS ANGELES
SUPERIOR COURT

6

7

8

SUPERIOR COURT OF THE STATE OF CALIFORNIA

9

COUNTY OF LOS ANGELES

10

CENTRAL DISTRICT

11

12 |                              Plaintiff,

13 |          vs.

14

15

16 |                              Defendants.

17

Case No.:BC488068

**CLASS ACTION**
INITIAL STATUS CONFERENCE ORDER

Case Assigned for All Purposes to
Judge John Shepard Wiley Jr.

Department: 311
Date: September 26, 2012
Time: 2:00 p.m.

18      This case has been assigned for all purposes to Judge John Shepard Wiley Jr. in the

19 Complex Litigation Program. An Initial Status Conference is set for September 26, 2012 at 2:00

20 p.m. in Department 311 located in the Central Civil West Courthouse at 600 South

21 Commonwealth Avenue, Los Angeles, California 90005. Counsel for all parties are ordered to

22 attend.

23

24      The court orders counsel to prepare for the Initial Status Conference by identifying and

25 discussing the central legal and factual issues in the case. Counsel for plaintiff is ordered to

26 initiate contact with counsel for defense to begin this process. Counsel then must negotiate and

27 agree, as possible, on a case management plan. To this end, counsel must file a Joint Initial Status

28

Conference Class Action Response Statement five court days before the Initial Status Conference. The Joint Response Statement must be filed on line-numbered pleading paper and must specifically answer each of the below-numbered questions.  Do not the use the Judicial Council Form CM-110 (Case Management Statement).

**1. PARTIES AND COUNSEL:**  Please list all presently-named class representatives and presently-named defendants, together with all counsel of record, including counsel's contact and email information.

**2. POTENTIAL ADDITIONAL PARTIES:**  Does any plaintiff presently intend to add more class representatives?  If so, and if known, by what date and by what name?  Does any plaintiff presently intend to name more defendants?  If so, and if known, by what date and by what name?  Does any appearing defendant presently intend to file a cross-complaint?  If so, who will be named.

**3. IMPROPERLY NAMED DEFENDANT(S):**  If the complaint names the wrong person or entity, please explain.

**4. ADEQUACY OF PROPOSED CLASS REPRESENTATIVE(S):**  If any party believes one or more named plaintiffs might not be an adequate class representative, please explain.  No prejudice will attach to these responses.

**5. ESTIMATED CLASS SIZE:**  Please discuss and indicate the estimated class size.

**6. OTHER ACTIONS WITH OVERLAPPING CLASS DEFINITIONS:**  Please list other cases with overlapping class definitions.  Please identify the court, the short caption title, the docket number, and the case status.

**7. POTENTIALLY RELEVANT ARBITRATION AND/OR CLASS ACTION WAIVER CLAUSES:**  Please include a sample of any clause of this sort.  Opposing parties must summarize their views on this issue.

-2-

**8.  POTENTIAL EARLY CRUCIAL MOTIONS:**  Opposing counsel are to identify and describe the significant core issues in the case.  Counsel then is to identify efficient ways to resolve those issues.  The vehicles include:

- Motion to Compel Arbitration,
- Early motions in limine,
- Early motions about particular jury instructions and verdict forms,
- Demurrers,
- Motions to strike,
- Motions for judgment on the pleadings, and
- Motions for summary judgment and summary adjudication.

**NOTE: Effective 2012, by stipulation a party may move for summary adjudication of a legal issue or a claim for damages that does not completely dispose of a cause of action, an affirmative defense, or an issue of duty.[1]  Counsels are to analyze, discuss, and report on the relevance of this powerful new procedure.**

**9.  CLASS CONTACT INFORMATION:**  Does plaintiff need class contact information from the defendant's records?  If so, do the parties consent to an "opt-out" notice process (as approved in *Belaire-West Landscape, Inc. v. Superior Court* (2007) 149 Cal.App.4th 554, 561) to precede defense delivery of this information to plaintiff's counsel?  If the parties agree on the notice process, who should pay for it?  Should there be a third-party administrator?

**10.  PROTECTIVE ORDERS:**  Parties considering an order to protect confidential information from general disclosure should begin with the model protective orders found on the Los Angeles Superior Court Website under "Civil Tools for Litigators."

---

[1] See Code Civ. Proc. § 437c, subd. (s)

-3-

**11.  DISCOVERY:**  Please discuss discovery.  Do the parties agree on a plan?  If not, can the parties negotiate a compromise?  At minimum, please summarize each side's views on discovery.  The court generally allows discovery on matters relevant to class certification, which (depending on circumstances) may include factual issues also touching the merits.  The court generally does not permit extensive or expensive discovery relevant only to the merits (for example, detailed damages discovery) unless a persuasive showing establishes early need.  If any party seeks discovery from absent class members, please estimate how many, and also state the kind of discovery you propose.[2]

**12.  INSURANCE COVERAGE:**  Please state (1) if there is insurance for indemnity or reimbursement, and (2) whether there are any insurance coverage issues that might affect settlement.

**13.  ALTERNATIVE DISPUTE RESOLUTION:**  Please discuss ADR and state each party's position about it.  If pertinent, how can the court help identify the correct neutral and prepare the case for a successful settlement negotiation?

**14.  TIMELINE FOR CASE MANAGEMENT:**  Please recommend dates and times for the following:

- ■ The next status conference,
- ■ A schedule for alternative dispute resolution, if it is relevant,
- ■ A filing deadline for the motion for class certification, and
- ■ Filing deadlines and descriptions for other anticipated non-discovery motions.

---

[2] See Code Civ. Proc. § 437c, subd. (s)

-4-

INITIAL STATUS CONFERENCE ORDER

**15. ELECTRONIC SERVICE OF PAPERS:**  For efficiency the complex program requires the parties in every new case to use a third-party cloud service, such as:

- Case Anywhere (www.caseanywhere.com),

- CaseHomePage (www.casehomepage.com), or

- Lexis-Nexis File & Serve (www.lexisnexis.com/fileandserve).

Please agree on one and submit the parties' choice when filing the Joint Initial Status Conference Class Action Response Statement.  If there is agreement, please identify the vendor. If parties cannot agree, the court will select the vendor at the Initial Status Conference.  Electronic service is not the same as electronic filing.  Only traditional methods of filing by physical delivery of original papers or by fax filing are presently acceptable.

**Reminder When Seeking To Dismiss Or To Obtain Settlement Approval:**

"A dismissal of an entire class action, or of any party or cause of action in a class action, requires court approval. . . .  Requests for dismissal must be accompanied by a declaration setting forth the facts on which the party relies.  The declaration must clearly state whether consideration, direct or indirect, is being given for the dismissal and must describe the consideration in detail."[3] If the parties have settled the class action, that too will require judicial approval based on a noticed motion (although it may be possible to shorten time by consent for good cause shown).

Pending further order of this Court, and except as otherwise provided in this Initial Status Conference Order, ***these proceedings are stayed in their entirety***.  This stay shall preclude the filing of any answer, demurrer, motion to strike, or motions challenging the jurisdiction of the Court; however, any defendant may file a Notice of Appearance for purposes of identification of

---

[3] California Rule of Court, Rule 3.770(a)

INITIAL STATUS CONFERENCE ORDER

counsel and preparation of a service list.  The filing of such a Notice of Appearance shall be without prejudice to any challenge to the jurisdiction of the Court, substantive or procedural challenges to the Complaint, without prejudice to any affirmative defense, and without prejudice to the filing of any cross-complaint in this action.  This stay is issued to assist the Court and the parties in managing this "complex" case through the development of an orderly schedule for briefing and hearings on procedural and substantive challenges to the complaint and other issues that may assist in the orderly management of these cases.  This stay shall not preclude the parties from informally exchanging documents that may assist in their initial evaluation of the issues presented in this case, however shall stay all outstanding discovery requests.

Plaintiff's counsel is directed to serve a copy of this Initial Status Conference Order on counsel for all parties, or if counsel has not been identified, on all parties, within five days of service of this order.  If any defendant has not been served in this action, service is to be completed within twenty days of the date of this order.

Dated: 8/15/12

JOHN SHEPARD WILEY JR.
_____
Judge of the Los Angeles Superior Court

-6-

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**
**NOTICE OF CASE ASSIGNMENT – CLASS ACTION CASES**
Case Number _____

THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT
Your case is assigned for all purposes to the judicial officer indicated below (Local Rule 3.3(c)).

BC 4 8 8 0 6 8

| ASSIGNED JUDGE | DEPT | ROOM |
|---|---|---|
| Judge Elihu M. Berle | 323 | 1707 |
| Judge Kenneth Freeman | 322 | 1702 |
| Judge William F. Highberger | 307 | 1402 |
| Judge Jane Johnson | 308 | 1415 |
| Judge Anthony J. Mohr | 309 | 1409 |
| Judge John Shepard Wiley, Jr. | 311 | 1408 |
| OTHER | | |

## Instructions for handling Class Action Civil Cases

The following critical provisions of the Chapter Three Rules, as applicable in the Central District, are summarized for your assistance.

### APPLICATION
The Chapter Three Rules were effective January 1, 1994. They apply to all general civil cases.

### PRIORITY OVER OTHER RULES
The Chapter Three Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

### CHALLENGE TO ASSIGNED JUDGE
A challenge under Code of Civil Procedure section 170.6 must be made within 15 days after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

### TIME STANDARDS
Cases assigned to the Individual Calendaring Court will be subject to processing under the following time standards:

**COMPLAINTS:** All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days of filing.

**CROSS-COMPLAINTS:** Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed. Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

A Status Conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint. Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

### FINAL STATUS CONFERENCE
The Court will require the parties at a status conference not more than 10 days before the trial to have timely filed and served all motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested jury instructions, and special jury instructions and special jury verdicts. These matters may be heard and resolved at this conference. At least 5 days before this conference, counsel must also have exchanged lists of exhibits and witnesses and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Eight of the Los Angeles Superior Court Rules.

### SANCTIONS
The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Three Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Three Rules. Such sanctions may be on a party or if appropriate on counsel for the party.

**This is not a complete delineation of the Chapter Three Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction. Careful reading and compliance with the actual Chapter Rules is absolutely imperative.**

Given to the Plaintiff/Cross-Complainant/Attorney of Record on _____        JOHN A. CLARKE, Executive Officer/Clerk

By _____, Deputy Clerk

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
## ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION PACKAGE
[CRC 3.221 Information about Alternative Dispute Resolution]
For additional ADR information and forms visit the Court ADR web application at **www.lasuperiorcourt.org** (click on ADR).

The plaintiff shall serve a copy of this Information Package on each defendant along with the complaint **(Civil only)**.

**What Is ADR:**
Alternative Dispute Resolution (ADR) is the term used to describe all the other options available for settling a dispute which once had to be settled in court. ADR processes, such as arbitration, mediation, neutral evaluation (NE), and settlement conferences, are less formal than a court process and provide opportunities for parties to reach an agreement using a problem-solving approach.

There are many different kinds of ADR. All of them utilize a "neutral", an impartial person, to decide the case or help the parties reach an agreement.

**Mediation:**
In mediation, a neutral person called a "mediator" helps the parties try to reach a mutually acceptable resolution of the dispute. The mediator does not decide the dispute but helps the parties communicate so they can try to settle the dispute themselves. Mediation leaves control of the outcome with the parties.

    **Cases for Which Mediation May Be Appropriate**
    Mediation may be particularly useful when parties have a dispute between or among family members, neighbors, or business partners. Mediation is also effective when emotions are getting in the way of resolution. An effective mediator can hear the parties out and help them communicate with each other in an effective and nondestructive manner.

    **Cases for Which Mediation May Not Be Appropriate**
    Mediation may not be effective if one of the parties is unwilling to cooperate or compromise. Mediation also may not be effective if one of the parties has a significant advantage in power over the other. Therefore, it may not be a good choice if the parties have a history of abuse or victimization.

**Arbitration:**
In arbitration, a neutral person called an "arbitrator" hears arguments and evidence from each side and then decides the outcome of the dispute. Arbitration is less formal than a trial, and the rules of evidence are often relaxed. Arbitration may be either "binding" or "nonbinding." *Binding arbitration* means that the parties waive their right to a trial and agree to accept the arbitrator's decision as final. *Nonbinding* arbitration means that the parties are free to request a trial if they do not accept the arbitrator's decision.

    **Cases for Which Arbitration May Be Appropriate**
    Arbitration is best for cases where the parties want another person to decide the outcome of their dispute for them but would like to avoid the formality, time, and expense of a trial. It may also be appropriate for complex matters where the parties want a decision-maker who has training or experience in the subject matter of the dispute.

    **Cases for Which Arbitration May Not Be Appropriate**
    If parties want to retain control over how their dispute is resolved, arbitration, particularly binding arbitration, is not appropriate. In binding arbitration, the parties generally cannot appeal the arbitrator's award, even if it is not supported by the evidence or the law. Even in nonbinding arbitration, if a party requests a trial and does not receive a more favorable result at trial than in arbitration, there may be penalties.

**Neutral Evaluation:**
In neutral evaluation, each party gets a chance to present the case to a neutral person called an "evaluator." The evaluator then gives an opinion on the strengths and weaknesses of each party's evidence and arguments and about how the dispute could be resolved. The evaluator is often an expert in the subject matter of the dispute. Although the evaluator's opinion is not binding, the parties typically use it as a basis for trying to negotiate a resolution of the dispute.

    **Cases for Which Neutral Evaluation May Be Appropriate**
    Neutral evaluation may be most appropriate in cases in which there are technical issues that require special expertise to resolve or the only significant issue in the case is the amount of damages.

    **Cases for Which Neutral Evaluation May Not Be Appropriate**
    Neutral evaluation may not be appropriate when there are significant personal or emotional barriers to resolving the dispute.

**Settlement Conferences:**
Settlement conferences may be either mandatory or voluntary. In both types of settlement conferences, the parties and their attorneys meet with a judge or a neutral person called a "settlement officer" to discuss possible settlement of their dispute. The judge or settlement officer does not make a decision in the case but assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement. Settlement conferences are appropriate in any case where settlement is an option. Mandatory settlement conferences are often held close to the date a case is set for trial.

## SUPERIOR COURT OF CALIFORNIA
## COUNTY OF LOS ANGELES

### Information About Alternative Dispute Resolution:

California Rules of Court, rule 3.221, requires counties participating in the Dispute Resolution Programs Act ("DRPA"), to provide information about the availability of local dispute resolution programs funded under DRPA. In Los Angeles County, these services are made possible through major support from the Los Angeles County Department of Community and Senior Services through DRPA. The list of the local dispute resolution programs funded in Los Angeles County is set forth below.

Superior Court of California, Los Angeles County, ADR Office (213) 974-5425
www.lasuperiorcourt.org/ADR

Staff and volunteers of the following identified agencies are not employees of the Los Angeles Superior Court:

Asian-Pacific American Dispute Resolution Center (213) 250-8190 www.apadrc.org

California Academy of Mediation Professionals (818) 377-7250 www.mediationprofessionals.org

California Lawyers for the Arts, Arbitration and Mediation Service (310) 998-5590 www.calawyersforthearts.org/

Center for Conflict Resolution (818) 705-1090 www.ccr4peace.org

Inland Valleys Justice Center (909) 621-7479 www.ivjc.org

Korean American Coalition 4.29 Center (213) 365-5999 www.kacla.org

Los Angeles City Attorney's Office Dispute Resolution Program (213) 485-8324
www.lacity.org/mediate

Los Angeles County Bar Association Dispute Resolution Services
(877) 473-7658 (323) 930-1841 (888) 922-1322 (562) 570-1019 www.lacba.org/drs

Los Angeles County Department of Consumer Affairs (213) 974-0825

The Loyola Law School Center for Conflict Resolution (213) 736-1145 www.lls.edu/ccr

City of Norwalk Dispute Resolution Program (562) 929-5603
www.ci.norwalk.ca.us/socialservices2.asp

*These programs do not offer legal advice or help you respond to a summons, but they can assist in resolving your problem through mediation.*

**Dispute Resolution Programs Act
Contracts Administration Office: (213) 738-2621**

LAADR 007 (Rev. 04/10)               **INFORMATION ABOUT**
LASC Approved 07-04               **ALTERNATIVE DISPUTE RESOLUTION**

| NAME, ADDRESS, AND TELEPHONE NUMBER OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|

ATTORNEY FOR (Name):

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

COURTHOUSE ADDRESS:
Click on the button to select the appropriate court address.

PLAINTIFF:

DEFENDANT:

| STIPULATION TO PARTICIPATE IN ALTERNATIVE DISPUTE RESOLUTION (ADR) | CASE NUMBER: |
|---|---|

The undersigned parties stipulate to participate in an Alternative Dispute Resolution (ADR) process in the above-entitled action, as follows:

☐ Mediation

☐ Non-Binding Arbitration

☐ Binding Arbitration

☐ Early Neutral Evaluation

☐ Settlement Conference

☐ Other ADR Process (describe): _____

Dated: _____

| Name of Stipulating Party<br>☐ Plaintiff ☐ Defendant ☐ Cross-defendant | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
|---|---|---|
| Name of Stipulating Party<br>☐ Plaintiff ☐ Defendant ☐ Cross-defendant | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
| Name of Stipulating Party<br>☐ Plaintiff ☐ Defendant ☐ Cross-defendant | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
| Name of Stipulating Party<br>☐ Plaintiff ☐ Defendant ☐ Cross-defendant | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |

☐ Additional signature(s) on reverse

LAADR 001 10-04
LASC Approved
(Rev. 01-07)

STIPULATION TO PARTICIPATE IN
ALTERNATIVE DISPUTE RESOLUTION (ADR)

Cal. Rules of Court, rule 3.221
Page 1 of 2

## VOLUNTARY EFFICIENT LITIGATION STIPULATIONS



**Superior Court of California
County of Los Angeles**



**Los Angeles County
Bar Association
Litigation Section**

**Los Angeles County
Bar Association Labor and
Employment Law Section**



**Consumer Attorneys
Association of Los Angeles**



**Southern California
Defense Counsel**



**Association of
Business Trial Lawyers**



**California Employment
Lawyers Association**

The Early Organizational Meeting Stipulation, Discovery Resolution Stipulation, and Motions in Limine Stipulation are voluntary stipulations entered into by the parties. The parties may enter into one, two, or all three of the stipulations; however, they may not alter the stipulations as written, because the Court wants to ensure uniformity of application. These stipulations are meant to encourage cooperation between the parties and to assist in resolving issues in a manner that promotes economic case resolution and judicial efficiency.

*The following organizations endorse the goal of promoting efficiency in litigation and ask that counsel consider using these stipulations as a voluntary way to promote communications and procedures among counsel and with the court to fairly resolve issues in their cases.*

**◆Los Angeles County Bar Association Litigation Section◆**

**◆ Los Angeles County Bar Association
Labor and Employment Law Section◆**

**◆Consumer Attorneys Association of Los Angeles◆**

**◆Southern California Defense Counsel◆**

**◆Association of Business Trial Lawyers◆**

**◆California Employment Lawyers Association◆**

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | FAX NO. (Optional): | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION – EARLY ORGANIZATIONAL MEETING | CASE NUMBER: |
|---|---|

**This stipulation is intended to encourage cooperation among the parties at an early stage in the litigation and to assist the parties in efficient case resolution.**

**The parties agree that:**

1. The parties commit to conduct an initial conference (in-person or via teleconference or via videoconference) within 15 days from the date this stipulation is signed, *to discuss and consider whether there can be agreement on the following:*

   a. Are motions to challenge the pleadings necessary? If the issue can be resolved by amendment as of right, or if the Court would allow leave to amend, could an amended complaint resolve most or all of the issues a demurrer might otherwise raise? If so, the parties agree to work through pleading issues so that a demurrer need only raise issues they cannot resolve. Is the issue that the defendant seeks to raise amenable to resolution on demurrer, or would some other type of motion be preferable? Could a voluntary targeted exchange of documents or information by any party cure an uncertainty in the pleadings?

   b. Initial mutual exchanges of documents at the "core" of the litigation. (For example, in an employment case, the employment records, personnel file and documents relating to the conduct in question could be considered "core." In a personal injury case, an incident or police report, medical records, and repair or maintenance records could be considered "core.");

   c. Exchange of names and contact information of witnesses;

   d. Any insurance agreement that may be available to satisfy part or all of a judgment, or to indemnify or reimburse for payments made to satisfy a judgment;

   e. Exchange of any other information that might be helpful to facilitate understanding, handling, or resolution of the case in a manner that preserves objections or privileges by agreement;

   f. Controlling issues of law that, if resolved early, will promote efficiency and economy in other phases of the case. Also, when and how such issues can be presented to the Court;

   g. Whether or when the case should be scheduled with a settlement officer, what discovery or court ruling on legal issues is reasonably required to make settlement discussions meaningful, and whether the parties wish to use a sitting judge or a private mediator or other options as

**STIPULATION – EARLY ORGANIZATIONAL MEETING**

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

discussed in the "Alternative Dispute Resolution (ADR) Information Package" served with the complaint;

h.  Computation of damages, including documents not privileged or protected from disclosure, on which such computation is based;

i.  Whether the case is suitable for the Expedited Jury Trial procedures (see information at **www.lasuperiorcourt.org** under "*Civil*" and then under "*General Information*").

2.  The time for a defending party to respond to a complaint or cross-complaint will be extended to _____ for the complaint, and _____ for the cross-complaint, which is comprised of the 30 days to respond under Government Code § 68616(b), and the 30 days permitted by Code of Civil Procedure section 1054(a), good cause having been found by the Civil Supervising Judge due to the case management benefits provided by this Stipulation.
    <span style="font-size:smaller">(INSERT DATE)          (INSERT DATE)</span>

3.  The parties will prepare a joint report titled "Joint Status Report Pursuant to Initial Conference and Early Organizational Meeting Stipulation, and if desired, a proposed order summarizing results of their meet and confer and advising the Court of any way it may assist the parties' efficient conduct or resolution of the case.  The parties shall attach the Joint Status Report to the Case Management Conference statement, and file the documents when the CMC statement is due.

4.  References to "days" mean calendar days, unless otherwise noted.  If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day

The following parties stipulate:

Date:

_____          ➤ _____
(TYPE OR PRINT NAME)                         (ATTORNEY FOR PLAINTIFF)

Date:

_____          ➤ _____
(TYPE OR PRINT NAME)                         (ATTORNEY FOR DEFENDANT)

Date:

_____          ➤ _____
(TYPE OR PRINT NAME)                         (ATTORNEY FOR DEFENDANT)

Date:

_____          ➤ _____
(TYPE OR PRINT NAME)                         (ATTORNEY FOR DEFENDANT)

Date:

_____          ➤ _____
(TYPE OR PRINT NAME)                         (ATTORNEY FOR _____)

Date:

_____          ➤ _____
(TYPE OR PRINT NAME)                         (ATTORNEY FOR _____)

Date:

_____          ➤ _____
(TYPE OR PRINT NAME)                         (ATTORNEY FOR _____)

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|

TELEPHONE NO.:
E-MAIL ADDRESS (Optional):
ATTORNEY FOR (Name):

FAX NO. (Optional):

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| **STIPULATION -- DISCOVERY RESOLUTION** | CASE NUMBER: |
|---|---|

**This stipulation is intended to provide a fast and informal resolution of discovery issues through limited paperwork and an informal conference with the Court to aid in the resolution of the issues.**

**The parties agree that:**

1.  Prior to the discovery cut-off in this action, no discovery motion shall be filed or heard unless the moving party first makes a written request for an Informal Discovery Conference pursuant to the terms of this stipulation.

2.  At the Informal Discovery Conference the Court will consider the dispute presented by parties and determine whether it can be resolved informally.  Nothing set forth herein will preclude a party from making a record at the conclusion of an Informal Discovery Conference, either orally or in writing.

3.  Following a reasonable and good faith attempt at an informal resolution of each issue to be presented, a party may request an Informal Discovery Conference pursuant to the following procedures:

    a.  The party requesting the Informal Discovery Conference will:

        i.   File a Request for Informal Discovery Conference with the clerk's office on the approved form (copy attached) and deliver a courtesy, conformed copy to the assigned department;

        ii.  Include a brief summary of the dispute and specify the relief requested; and

        iii. Serve the opposing party pursuant to any authorized or agreed method of service that ensures that the opposing party receives the Request for Informal Discovery Conference no later than the next court day following the filing.

    b.  Any Answer to a Request for Informal Discovery Conference must:

        i.   Also be filed on the approved form (copy attached);

        ii.  Include a brief summary of why the requested relief should be denied;

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

    iii.   Be filed within two (2) court days of receipt of the Request; and

    iv.   Be served on the opposing party pursuant to any authorized or agreed upon method of service that ensures that the opposing party receives the Answer no later than the next court day following the filing.

c.  No other pleadings, including but not limited to exhibits, declarations, or attachments, will be accepted.

d.  If the Court has not granted or denied the Request for Informal Discovery Conference within ten (10) days following the filing of the Request, then it shall be deemed to have been denied.  If the Court acts on the Request, the parties will be notified whether the Request for Informal Discovery Conference has been granted or denied and, if granted, the date and time of the Informal Discovery Conference, which must be within twenty (20) days of the filing of the Request for Informal Discovery Conference.

e.  If the conference is not held within twenty (20) days of the filing of the Request for Informal Discovery Conference, unless extended by agreement of the parties and the Court, then the Request for the Informal Discovery Conference shall be deemed to have been denied at that time.

4.  If (a) the Court has denied a conference or (b) one of the time deadlines above has expired without the Court having acted or (c) the Informal Discovery Conference is concluded without resolving the dispute, then a party may file a discovery motion to address unresolved issues.

5.  The parties hereby further agree that the time for making a motion to compel or other discovery motion is tolled from the date of filing of the Request for Informal Discovery Conference until (a) the request is denied or deemed denied or (b) twenty (20) days after the filing of the Request for Informal Discovery Conference, whichever is earlier, unless extended by Order of the Court.

It is the understanding and intent of the parties that this stipulation shall, for each discovery dispute to which it applies, constitute a writing memorializing a "specific later date to which the propounding [or demanding or requesting] party and the responding party have agreed in writing," within the meaning of Code Civil Procedure sections 2030.300(c), 2031.320(c), and 2033.290(c).

6.  Nothing herein will preclude any party from applying *ex parte* for appropriate relief, including an order shortening time for a motion to be heard concerning discovery.

7.  Any party may terminate this stipulation by giving twenty-one (21) days notice of intent to terminate the stipulation.

8.  References to "days" mean calendar days, unless otherwise noted.  If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day.

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

**The following parties stipulate:**

Date: _____

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR PLAINTIFF)

Date: _____

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR DEFENDANT)

Date: _____

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR DEFENDANT)

Date: _____

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR DEFENDANT)

Date: _____

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR _____)

Date: _____

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR _____)

Date: _____

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR _____)

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | FAX NO. (Optional): | |

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| INFORMAL DISCOVERY CONFERENCE<br>(pursuant to the Discovery Resolution Stipulation of the parties) | CASE NUMBER: |
|---|---|

1.  This document relates to:
    ☐  Request for Informal Discovery Conference
    ☐  Answer to Request for Informal Discovery Conference

2.  Deadline for Court to decide on Request: _____ (insert date 10 calendar days following filing of the Request).

3.  Deadline for Court to hold Informal Discovery Conference: _____ (insert date 20 calendar days following filing of the Request).

4.  **For a Request for Informal Discovery Conference, <u>briefly</u> describe the nature of the discovery dispute, including the facts and legal arguments at issue.  For an Answer to Request for Informal Discovery Conference, <u>briefly</u> describe why the Court should deny the requested discovery, including the facts and legal arguments at issue.**

LACIV 094 (new)
LASC Approved 04/11

**INFORMAL DISCOVERY CONFERENCE**
(pursuant to the Discovery Resolution Stipulation of the parties)

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|

TELEPHONE NO.:                          FAX NO. (Optional):
E-MAIL ADDRESS (Optional):
ATTORNEY FOR (Name):

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION AND ORDER – MOTIONS IN LIMINE | CASE NUMBER: |
|---|---|

**This stipulation is intended to provide fast and informal resolution of evidentiary issues through diligent efforts to define and discuss such issues and limit paperwork.**

**The parties agree that:**

1. At least _____ days before the final status conference, each party will provide all other parties with a list containing a one paragraph explanation of each proposed motion in limine. Each one paragraph explanation must identify the substance of a single proposed motion in limine and the grounds for the proposed motion.

2. The parties thereafter will meet and confer, either in person or via teleconference or videoconference, concerning all proposed motions in limine. In that meet and confer, the parties will determine:

   a. Whether the parties can stipulate to any of the proposed motions. If the parties so stipulate, they may file a stipulation and proposed order with the Court.

   b. Whether any of the proposed motions can be briefed and submitted by means of a short joint statement of issues. For each motion which can be addressed by a short joint statement of issues, a short joint statement of issues must be filed with the Court 10 days prior to the final status conference. Each side's portion of the short joint statement of issues may not exceed three pages. The parties will meet and confer to agree on a date and manner for exchanging the parties' respective portions of the short joint statement of issues and the process for filing the short joint statement of issues.

3. All proposed motions in limine that are not either the subject of a stipulation or briefed via a short joint statement of issues will be briefed and filed in accordance with the California Rules of Court and the Los Angeles Superior Court Rules.

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

## The following parties stipulate:

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

➢ _____
(ATTORNEY FOR PLAINTIFF)

➢ _____
(ATTORNEY FOR DEFENDANT)

➢ _____
(ATTORNEY FOR DEFENDANT)

➢ _____
(ATTORNEY FOR DEFENDANT)

➢ _____
(ATTORNEY FOR _____)

➢ _____
(ATTORNEY FOR _____)

➢ _____
(ATTORNEY FOR _____)

## THE COURT SO ORDERS.

Date: _____

_____
JUDICIAL OFFICER

NEXT DOCUMENT

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

| DATE: 08/15/12 | | DEPT. 311 |
|---|---|---|
| HONORABLE JOHN SHEPARD WILEY JR    JUDGE | M. MATA | DEPUTY CLERK |
| HONORABLE #7    JUDGE PRO TEM | | ELECTRONIC RECORDING MONITOR |
| T. BIVINS, CA    Deputy Sheriff | NONE | Reporter |

| 8:30 am | BC488068 | Plaintiff Counsel | |
|---|---|---|---|
| | HAROUT AKOPIAN VS VW CREDIT INC | Defendant Counsel | NO APPEARANCES |

**NATURE OF PROCEEDINGS:**

COURT ORDER REGARDING NEWLY FILED CLASS ACTION

By this order, the Court determines this case to be Complex according to Rule 3.400 of the California Rules of Court. The Clerk's Office has randomly assigned this case to this department for all purposes.

By this order, the Court stays the case, except for service of the Summons and Complaint. The stay continues at least until the Initial Status Conference. Initial Status Conference is set for SEPTEMBER 26, 2012 at 2:00 p.m in this department. At least 10 days prior to the Initial Status Conference, counsel for all parties must discuss the issues set forth in the Initial Status Conference Order issued this date. The Initial Status Conference Order is to help the Court and the parties manage this complex case by developing an orderly schedule for briefing, discovery, and court hearings. The parties are informally encouraged to exchange documents and information as may be useful for case evaluation.

Responsive pleadings shall not be filed until further Order of the Court. Parties must file a Notice of Appearance in lieu of an Answer or other responsive pleading. The filing of a Notice of Appearance shall not constitute a waiver of any substantive or procedural challenge to the Complaint. Nothing in this order stays the time for filing an Affidavit of

Page   1 of   3   DEPT. 311

MINUTES ENTERED
08/15/12
COUNTY CLERK

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

DATE: 08/15/12

DEPT. 311

HONORABLE JOHN SHEPARD WILEY JR   JUDGE | M. MATA   DEPUTY CLERK

HONORABLE #7   JUDGE PRO TEM

T. BIVINS, CA   Deputy Sheriff | ELECTRONIC RECORDING MONITOR

NONE   Reporter

8:30 am   BC488068

HAROUT AKOPIAN
VS
VW CREDIT INC

Plaintiff Counsel

NO APPEARANCES

Defendant Counsel

**NATURE OF PROCEEDINGS:**

Prejudice pursuant to Code of Civil Procedure Section 170.6.

According to Government Code Section 70616 subdivisions (a) and (b), each party shall pay a fee of $1,000.00 to the Los Angeles Superior Court within 10 calendar days from this date.

The plaintiff must serve a copy of this minute order on all parties forthwith and file a Proof of Service in this department within seven days of service.

CLERK'S CERTIFICATE OF MAILING

I, the below-named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the minute order dated 8/15/12 and CLASS ACTION INITIAL STATUS CONFERENCE upon each party or counsel named below by placing the document for collection and mailing so as to cause it to be deposited in the United States mail at the courthouse in Los Angeles, California, one copy of the original filed/entered herein in a separate sealed envelope to each address as shown below with the postage thereon fully prepaid, in accordance with standard court practices.

Page   2 of   3   DEPT. 311

MINUTES ENTERED
08/15/12
COUNTY CLERK

NEXT DOCUMENT

1   Gregory N. Karasik (SBN 115834)
    greg@karasiklawfirm.com
2   **Karasik Law Firm**
    11835 W. Olympic Blvd. Ste. 1275
3   Los Angeles, CA 90064
    Tel (310) 312-6800
4   Fax (310) 943-2582

5   Attorneys for Plaintiff
    HAROUT AKOPIAN

6

7

8                SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                          COUNTY OF LOS ANGELES

10  HAROUT AKOPIAN, individually and on       Case No. BC488068
    behalf of other persons similarly situated,
11                                             CLASS ACTION
                    Plaintiff,
12                                             **NOTICE OF INTIAL STATUS**
            vs.                                **CONFERENCE**
13
    VW CREDIT, INC., a Delaware corporation;
14  and DOES 1 through 10.

15                  Defendants.

16

17

18          PLEASE TAKE NOTICE that the Court has Ordered an Initial Status Conference to take place

19  on September 26, 2012 at 2:00 p.m.  A true and correct copy of the Court's Order is attached.

20

21  Dated:  September 13, 2012              KARASIK LAW FIRM

22
                                    By    _____
23
                                          Gregory N. Karasik
24                                        Attorneys for Plaintiff
                                          HAROUT AKOPIAN
25

26

27

28
                                          1
                        NOTICE OF INITIAL STATUS CONFERENCE

1

2

3

4      ORIGINAL FILED

5      AUG 1 ? 2012

6      LOS ANGELES
       SUPERIOR COURT
7

8          SUPERIOR COURT OF THE STATE OF CALIFORNIA

9               COUNTY OF LOS ANGELES

10                 CENTRAL DISTRICT

11                                    | Case No.:BC488068

12          Plaintiff,                |
                                      |        **CLASS ACTION**
13      vs.                           | INITIAL STATUS CONFERENCE ORDER
                                      |
14                                    | Case Assigned for All Purposes to
                                      | Judge John Shepard Wiley Jr.
15                                    |
          Defendants.                 | Department: 311
16                                    | Date: September 26, 2012
17                                    | Time: 2:00 p.m.

18          This case has been assigned for all purposes to Judge John Shepard Wiley Jr. in the

19      Complex Litigation Program.  An Initial Status Conference is set for September 26, 2012 at 2:00

20      p.m. in Department 311 located in the Central Civil West Courthouse at 600 South

21      Commonwealth Avenue, Los Angeles, California 90005.  Counsel for all parties are ordered to

22      attend.

23

24          The court orders counsel to prepare for the Initial Status Conference by identifying and

25      discussing the central legal and factual issues in the case.  Counsel for plaintiff is ordered to

26      initiate contact with counsel for defense to begin this process. Counsel then must negotiate and

27      agree, as possible, on a case management plan.  To this end, counsel must file a Joint Initial Status

28

_____

                        INITIAL STATUS CONFERENCE ORDER

Conference Class Action Response Statement five court days before the Initial Status Conference.
The Joint Response Statement must be filed on line-numbered pleading paper and must
specifically answer each of the below-numbered questions.  Do not the use the Judicial Council
Form CM-110 (Case Management Statement).

     **1. PARTIES AND COUNSEL:**  Please list all presently-named class representatives and
presently-named defendants, together with all counsel of record, including counsel's contact and
email information.

     **2. POTENTIAL ADDITIONAL PARTIES:**  Does any plaintiff presently intend to add
more class representatives?  If so, and if known, by what date and by what name?  Does any
plaintiff presently intend to name more defendants?  If so, and if known, by what date and by what
name?  Does any appearing defendant presently intend to file a cross-complaint?  If so, who will
be named.

     **3. IMPROPERLY NAMED DEFENDANT(S):**  If the complaint names the wrong
person or entity, please explain.

     **4. ADEQUACY OF PROPOSED CLASS REPRESENTATIVE(S):**  If any party
believes one or more named plaintiffs might not be an adequate class representative, please
explain.  No prejudice will attach to these responses.

     **5. ESTIMATED CLASS SIZE:**  Please discuss and indicate the estimated class size.

     **6. OTHER ACTIONS WITH OVERLAPPING CLASS DEFINITIONS:**  Please list
other cases with overlapping class definitions.  Please identify the court, the short caption title, the
docket number, and the case status.

     **7. POTENTIALLY RELEVANT ARBITRATION AND/OR CLASS ACTION
WAIVER CLAUSES:**  Please include a sample of any clause of this sort.  Opposing parties must
summarize their views on this issue.

-2-

**8. POTENTIAL EARLY CRUCIAL MOTIONS:**  Opposing counsel are to identify and describe the significant core issues in the case.  Counsel then is to identify efficient ways to resolve those issues.  The vehicles include:

- Motion to Compel Arbitration,
- Early motions in limine,
- Early motions about particular jury instructions and verdict forms,
- Demurrers,
- Motions to strike,
- Motions for judgment on the pleadings, and
- Motions for summary judgment and summary adjudication.

**NOTE: Effective 2012, by stipulation a party may move for summary adjudication of a legal issue or a claim for damages that does not completely dispose of a cause of action, an affirmative defense, or an issue of duty.[1]  Counsels are to analyze, discuss, and report on the relevance of this powerful new procedure.**

**9. CLASS CONTACT INFORMATION:**  Does plaintiff need class contact information from the defendant's records?  If so, do the parties consent to an "opt-out" notice process (as approved in *Belaire-West Landscape, Inc. v. Superior Court* (2007) 149 Cal.App.4th 554, 561) to precede defense delivery of this information to plaintiff's counsel?  If the parties agree on the notice process, who should pay for it?  Should there be a third-party administrator?

**10. PROTECTIVE ORDERS:**  Parties considering an order to protect confidential information from general disclosure should begin with the model protective orders found on the Los Angeles Superior Court Website under "Civil Tools for Litigators."

---

[1] See Code Civ. Proc. § 437c, subd. (s)

-3-

**11. DISCOVERY:** Please discuss discovery. Do the parties agree on a plan? If not, can the parties negotiate a compromise? At minimum, please summarize each side's views on discovery. The court generally allows discovery on matters relevant to class certification, which (depending on circumstances) may include factual issues also touching the merits. The court generally does not permit extensive or expensive discovery relevant only to the merits (for example, detailed damages discovery) unless a persuasive showing establishes early need. If any party seeks discovery from absent class members, please estimate how many, and also state the kind of discovery you propose.[2]

**12. INSURANCE COVERAGE:** Please state (1) if there is insurance for indemnity or reimbursement, and (2) whether there are any insurance coverage issues that might affect settlement.

**13. ALTERNATIVE DISPUTE RESOLUTION:** Please discuss ADR and state each party's position about it. If pertinent, how can the court help identify the correct neutral and prepare the case for a successful settlement negotiation?

**14. TIMELINE FOR CASE MANAGEMENT:** Please recommend dates and times for the following:

- ■ The next status conference,
- ■ A schedule for alternative dispute resolution, if it is relevant,
- ■ A filing deadline for the motion for class certification, and
- ■ Filing deadlines and descriptions for other anticipated non-discovery motions.

---

[2] See Code Civ. Proc. § 437c, subd. (s)

INITIAL STATUS CONFERENCE ORDER

**15. ELECTRONIC SERVICE OF PAPERS:** For efficiency the complex program requires the parties in every new case to use a third-party cloud service, such as:

- Case Anywhere (www.caseanywhere.com),

- CaseHomePage (www.casehomepage.com), or

- Lexis-Nexis File & Serve (www.lexisnexis.com/fileandserve).

Please agree on one and submit the parties' choice when filing the Joint Initial Status Conference Class Action Response Statement. If there is agreement, please identify the vendor. If parties cannot agree, the court will select the vendor at the Initial Status Conference. Electronic service is not the same as electronic filing. Only traditional methods of filing by physical delivery of original papers or by fax filing are presently acceptable.

**Reminder When Seeking To Dismiss Or To Obtain Settlement Approval:**

"A dismissal of an entire class action, or of any party or cause of action in a class action, requires court approval. . . . Requests for dismissal must be accompanied by a declaration setting forth the facts on which the party relies. The declaration must clearly state whether consideration, direct or indirect, is being given for the dismissal and must describe the consideration in detail."[3] If the parties have settled the class action, that too will require judicial approval based on a noticed motion (although it may be possible to shorten time by consent for good cause shown).

Pending further order of this Court, and except as otherwise provided in this Initial Status Conference Order, ***these proceedings are stayed in their entirety.*** This stay shall preclude the filing of any answer, demurrer, motion to strike, or motions challenging the jurisdiction of the Court; however, any defendant may file a Notice of Appearance for purposes of identification of

---

[3] California Rule of Court, Rule 3.770(a)

counsel and preparation of a service list.  The filing of such a Notice of Appearance shall be without prejudice to any challenge to the jurisdiction of the Court, substantive or procedural challenges to the Complaint, without prejudice to any affirmative defense, and without prejudice to the filing of any cross-complaint in this action.  This stay is issued to assist the Court and the parties in managing this "complex" case through the development of an orderly schedule for briefing and hearings on procedural and substantive challenges to the complaint and other issues that may assist in the orderly management of these cases.  This stay shall not preclude the parties from informally exchanging documents that may assist in their initial evaluation of the issues presented in this case, however shall stay all outstanding discovery requests.

Plaintiff's counsel is directed to serve a copy of this Initial Status Conference Order on counsel for all parties, or if counsel has not been identified, on all parties, within five days of service of this order.  If any defendant has not been served in this action, service is to be completed within twenty days of the date of this order.

Dated: 8/15/12

JOHN SHEPARD WILEY JR.
_____
Judge of the Los Angeles Superior Court

-6-

INITIAL STATUS CONFERENCE ORDER

1

## PROOF OF SERVICE

2

3      I am over the age of eighteen years and not a party to the within action.  My business
address is 11835 W. Olympic Blvd., Suite 1275, Los Angeles, CA 90064.  I am employed at that
4      address at the firm of Karasik Law Firm.

5      On the date set forth below, I served the document described as **NOTICE OF INITIAL
STATUS CONFERENCE; ORDER** on all the interested parties in this action, by placing: [  ]
6      the original [ x ] true copies thereof enclosed in sealed envelopes, addressed as follows, which
addresses are the addresses last given by the respective addressees on any document filed or
7      served in the above case:

8      Feather D. Baron, Esq.
REED SMITH LLP
9      101 Second Street Suite 1800
San Francisco, CA 94105-3659
10

11     *Attorneys for Defendant*

12     [ X ]  BY MAIL: I am readily familiar with this firm's practice of collection and processing of
correspondence for mailing.  In accordance therewith, I placed the envelope(s) containing said
13     document(s) sealed, for collection and mailing on that date with the U.S. Postal Service following
ordinary business practices.  Under the above--mentioned practice of the Karasik Law Firm, the
14     above document(s) are deposited with the U.S. Postal Service on that same day in the ordinary
course of business, with postage thereon fully prepaid at Los Angeles, California.
15

16     [ X ] (State) I declare under penalty of perjury under the laws of the State of California that the
above is true and correct.

17

18     Executed in Los Angeles, California on September 13, 2012

19

20     SHANTESE WILLIAMS

21

22

23

24

25

26

27

28

PROOF OF SERVICE

NEXT DOCUMENT

1  Gregory N. Karasik (SBN 115834)
   greg@karasiklawfirm.com
2  **Karasik Law Firm**
   11835 W. Olympic Blvd. Ste. 1275
3  Los Angeles, CA 90064
   Tel (310) 312-6800
4  Fax (310) 943-2582

5  Attorneys for Plaintiff
   HAROUT AKOPIAN

6

7

8                SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                        COUNTY OF LOS ANGELES

10 HAROUT AKOPIAN, individually and on        Case No. BC488068
   behalf of other persons similarly situated,
11                                             CLASS ACTION
                    Plaintiff,
12                                             Case Assigned for All Purposes to
        vs.                                    Judge John Shepard Wiley Jr.
13
   VW CREDIT, INC., a Delaware corporation;    **PLAINTIFF'S INTIAL STATUS**
14 and DOES 1 through 10.                      **CONFERENCE CLASS ACTION**
                                               **RESPONSE STATEMENT**
15                  Defendants.
                                               Date:  September 26, 2012
16                                             Time:  2:00 p.m.
                                               Dept: 311
17

18

19        In accordance with the Initial Status Conference Order issued by the Court on August 15, 2012,

20 Plaintiff Harout Akopian ("Plaintiff") submits the following Initial Status Conference Class Action

21 Response Statement.  As explained below, counsel for defendant VW Credit, Inc. ("VW Credit")

22 declined to file a Joint Statement because VW Credit intends to remove the case to federal court.

23        1.    **PARTIES AND COUNSEL**

24 Plaintiff              Harout Akopian

25 Plaintiff's counsel    Gregory N. Karasik
                          greg@karasiklawfirm.com
26                        **Karasik Law Firm**
                          11835 W. Olympic Blvd. Ste. 1275
27                        Los Angeles, CA 90064
                          Tel (310) 312-6800
28                        Fax (310) 943-2582

                                    1

| | |
|---|---|
| Defendant | VW Credit, Inc. |
| Defendant's counsel | Feather D. Baron<br>fbaron@reedsmith.com<br>Jesse L. Miller<br>jlmiller@reedsmith.com<br>**Reed Smith LLP**<br>101 Second Street, Suite 1800<br>San Francisco, CA 94105<br>Tel (415) 543-8700<br>Fax (415) 391-8629 |

**2.     POTENTIAL ADDITIONAL PARTIES**

None at this time.

**3.     IMPROPERLY NAMED DEFENDANTS**

Not applicable.

**4.     ADEQUACY OF PROPOSED CLASS REPRESENTATIVE**

Plaintiff maintains he is an adequate class representative.

**5.     ESTIMATED CLASS SIZE**

Plaintiff estimates many thousands of class members.

**6.     OTHER ACTIONS WITH OVERLAPPING CLASS DEFINITIONS**

None.

**7.     POTENTIALLY RELEVANT ARBITRATION AND/OR CLASS ACTION WAIVER CLAUSES**

None.

**8.     POTENTIAL EARLY CRUCIAL MOTIONS**

VW Credit intends to remove the case to federal court and immediately thereafter file a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

**9.     CLASS CONTACT INFORMATION**

In light of impending removal and motion to dismiss, counsel have not discussed.

**10.     PROTECTIVE ORDERS**

In light of impending removal and motion to dismiss, counsel have not discussed.

**11.     DISCOVERY**

In light of impending removal and motion to dismiss, counsel have not discussed.

2

1   **12.    INSURANCE COVERAGE**

2   Unknown to Plaintiff.

3   **13.    ALTERNATIVE DISPUTE RESOLUTION**

4   In light of impending removal and motion to dismiss, counsel have not discussed.

5   **14.    TIMELINE FOR CASE MANAGEMENT**

6   In light of impending removal, Plaintiff requests that the case management conference

7   scheduled for September 26, 2012 be vacated or continued.  Plaintiff also requests a continuance on the

8   grounds that Plaintiff's counsel is not available to make a court appearance on September 26, 2012

9   because of his observance of the religious holiday Yom Kippur.

10  **15.    ELECTRONIC SERVICE OF PAPERS**

11  In light of impending removal and motion to dismiss, counsel have not discussed.

12

13  Dated:  September 20, 2012                                KARASIK LAW FIRM

14

15                                            By    _____

16                                                  Gregory N. Karasik
                                                    Attorneys for Plaintiff
17                                                  HAROUT AKOPIAN

18

19

20

21

22

23

24

25

26

27

28

1

**PROOF OF SERVICE**

2

3      I am over the age of eighteen years and not a party to the within action.  My business
address is 11835 W. Olympic Blvd., Suite 1275, Los Angeles, CA 90064.  I am employed at that

4  address at the firm of Karasik Law Firm.

5      On the date set forth below, I served the document described as **PLAINTIFF'S INITIAL
STATUS CONFERENCE CLASS ACTION RESPONSE STATEMENT** on all the interested

6  parties in this action, by placing: [ ]  the original [ x ] true copies thereof enclosed in sealed
envelopes, addressed as follows, which addresses are the addresses last given by the respective

7  addressees on any document filed or served in the above case:

8  Feather D. Baron, Esq.
Jesse L. Miller, Esq.

9  REED SMITH LLP
101 Second Street Suite 1800

10  San Francisco, CA 94105-3659

11  *Attorneys for Defendant*

12

13  [ X ] BY MAIL: I am readily familiar with this firm's practice of collection and processing of
correspondence for mailing.  In accordance therewith, I placed the envelope(s) containing said

14  document(s) sealed, for collection and mailing on that date with the U.S. Postal Service following
ordinary business practices.  Under the above--mentioned practice of the Karasik Law Firm, the

15  above document(s) are deposited with the U.S. Postal Service on that same day in the ordinary
course of business, with postage thereon fully prepaid at Los Angeles, California.

16  [ X ] (State) I declare under penalty of perjury under the laws of the State of California that the
above is true and correct.

17

18      Executed in Los Angeles, California on September 20, 2012

19

20                                              Shantese Williams

21

22

23

24

25

26

27

28

**PROOF OF SERVICE**

NEXT DOCUMENT

1    Gregory N. Karasik (SBN 115834)
     greg@karasiklawfirm.com
2    **Karasik Law Firm**
     11835 W. Olympic Blvd. Ste. 1275
3    Los Angeles, CA 90064
     Tel (310) 312-6800
4    Fax (310) 943-2582

5    Attorneys for Plaintiff
     HAROUT AKOPIAN

6

7

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                    COUNTY OF LOS ANGELES

10   HAROUT AKOPIAN, individually and on     Case No. BC488068
     behalf of other persons similarly situated,

11                          CLASS ACTION
             Plaintiff,

12                          Case Assigned for All Purposes to
             vs.                   Judge John Shepard Wiley Jr.

13   VW CREDIT, INC., a Delaware corporation;    **NOTICE OF FURTHER STATUS**
     and DOES 1 through 10.                 **CONFERENCE AND COURT ORDER RE**

14                          **JOINT STATUS REPORT**
             Defendants.

15                          Date: October 17, 2012
                             Time: 2:00 p.m.

16                          Dept: 311

17

18

19

20        Please take notice that, at the initial status conference on September 26, 2012, the Court

21 scheduled a further status conference for October 17, 2012 at 2:00 pm (which will go off calendar if

22 Defendant removes the case before then) and ordered that a Joint Status Report must be filed by

23 October 10, 2012 in which the parties advise when Defendant will remove or, if Defendant does not

24 remove, what the parties will discuss at the next status conference.

25 Dated: October 1, 2012                 KARASIK LAW FIRM

26

27                By      _____

28                         Gregory N. Karasik
                        Attorneys for Plaintiff

**PROOF OF SERVICE**
*Akopian v. VW Credit*

I am over the age of eighteen years and not a party to the within action. My business address is 11835 W. Olympic Blvd., Suite 1275, Los Angeles, CA 90064. I am employed at that address at the firm of Karasik Law Firm.

On the date set forth below, I served the document described as **NOTICE OF FURTHER STATUS CONFERENCE AND COURT ORDER RE JOINT STATUS REPORT** on all the interested parties in this action, by placing: [ ] the original [ x ] true copies thereof enclosed in sealed envelopes, addressed as follows, which addresses are the addresses last given by the respective addressees on any document filed or served in the above case:

Feather D. Baron, Esq.
Jesse L. Miller, Esq.
REED SMITH LLP
101 Second Street Suite 1800
San Francisco, CA 94105-3659

*Attorneys for Defendant*

[ X ] BY MAIL: I am readily familiar with this firm's practice of collection and processing of correspondence for mailing. In accordance therewith, I placed the envelope(s) containing said document(s) sealed, for collection and mailing on that date with the U.S. Postal Service following ordinary business practices. Under the above--mentioned practice of the Karasik Law Firm, the above document(s) are deposited with the U.S. Postal Service on that same day in the ordinary course of business, with postage thereon fully prepaid at Los Angeles, California.

[ X ] (State) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed in Los Angeles, California on October 1, 2012

Gregory N. Karasik

**PROOF OF SERVICE**

**CERTIFICATE OF SERVICE**

*Akopian v. VW Credit, Inc., et al.*

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is REED SMITH LLP, 101 Second Street, San Francisco, CA 94105. On October 10, 2012, I served the following document(s) by the method indicated below:

**NOTICE OF REMOVAL PURSUANT TO 28 U.S.C. §§ 1332, 1441 AND 1446 AND THE CLASS ACTION FAIRNESS ACT**

☐ by transmitting via facsimile on this date from fax number 415-659-8269 the document(s) listed above to the fax number(s) set forth below. The transmission was completed and was reported complete and without error. The transmission report was properly issued by the transmitting fax machine. Service by fax was made by agreement of the parties. The transmitting fax machine complies with Cal.R.Ct 2003(3).

☒ by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at San Francisco, California addressed as set forth below. I am readily familiar with the firm's practice of collection and processing of correspondence for mailing. Under that practice, it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if the postal cancellation date or postage meter date is more than one day after the date of deposit for mailing in this Declaration.

☐ by placing the document(s) listed above in a sealed envelope(s) and by causing personal delivery of the envelope(s) to the person(s) at the address(es) set forth below.

☐ by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

☐ by placing the document(s) listed above in a sealed envelope(s) and consigning it to an express mail service for guaranteed delivery on the next business day following the date of consignment to the address(es) set forth below.

☐ by transmitting via email to the parties at the email addresses listed below:

Gregory N. Karasik, Esq.
Karasik Law Firm
11835 W. Olympic Blvd., Suite 1275
Los Angeles, CA 90064
Telephone: 310-312-6800
Facsimile: 310-943-2582
Email: greg@karasiklawfirm.com

I declare under penalty of perjury under the laws of the United States that the above is true and correct. Executed on October 10, 2012, at San Francisco, California.

_Linda I. Pringle_
Linda I. Pringle

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Michael Fitzgerald and the assigned discovery Magistrate Judge is Victor B. Kenton.

The case number on all documents filed with the Court should read as follows:

## CV12- 8679 MWF (VBKx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

---

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [ ] **Western Division** | [ ] **Southern Division** | [ ] **Eastern Division** |
|---|---|---|
| 312 N. Spring St., Rm. G-8 | 411 West Fourth St., Rm. 1-053 | 3470 Twelfth St., Rm. 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701-4516 | Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

---

COPY

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

| | |
|---|---|
| **I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)<br>HAROUT AKOPIAN, individually and on behalf of other persons similarly situated | **DEFENDANTS**<br>VW CREDIT, INC., a Delaware corporation; and DOES 1 through 10. |
| **(b)** Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)<br>Gregory N, Karasik (SBN 115834)<br>Karasik Law Firm<br>11835 W. Olympic Blvd., Suite 1275<br>Los Angeles, CA 90064<br>Telephone: 310-312-6800 | Attorneys (If Known)<br>Jesse L. Miller (SBN 183229)<br>Feather D. Baron (SBN 252489)<br>Reed Smith LLP<br>101 Second Street, Suite 1800<br>San Francisco, CA 94105<br>Telephone: 415-543-8700 |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff

☐ 2 U.S. Government Defendant

☐ 3 Federal Question (U.S. Government Not a Party)

☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☐ 1 Original Proceeding   ☒ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify):   ☐ 6 Multi-District Litigation   ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☐ Yes ☒ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☒ Yes ☐ No   ☒ **MONEY DEMANDED IN COMPLAINT: $** Exceeds $5 million in aggregate

**VI. CAUSE OF ACTION** (Cite the U. S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
California Penal Code sections 632, 637.2; 28 U.S.C. sections 1441, 1446 and 1332; and Class Action Fairness Act

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty | ☐ 740 Railway Labor Act |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | **BANKRUPTCY** | ☐ 540 Mandamus/ Other | ☐ 790 Other Labor Litigation |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | ☐ 22 Appeal 28 USC 158 | ☐ 550 Civil Rights | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 555 Prison Condition | **PROPERTY RIGHTS** |
| ☐ 490 Cable/Sat TV | | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | **FORFEITURE / PENALTY** | ☐ 820 Copyrights |
| ☐ 810 Selective Service | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 610 Agriculture | ☐ 830 Patent |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 160 Stockholders' Suits | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | ☐ 620 Other Food & Drug | ☐ 840 Trademark |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 190 Other Contract | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/Acco-mmodations | ☐ 625 Drug Related Seizure of Property 21 USC 881 | **SOCIAL SECURITY** |
| ☒ 890 Other Statutory Actions | ☐ 195 Contract Product Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | | ☐ 61 HIA(1395ff) |
| ☐ 891 Agricultural Act | ☐ 196 Franchise | | ☐ 445 American with Disabilities – Employment | ☐ 630 Liquor Laws | ☐ 862 Black Lung (923) |
| ☐ 892 Economic Stabilization Act | **REAL PROPERTY** | **IMMIGRATION** | | ☐ 640 R.R.& Truck | ☐ 863 DIWC/DIWW 405(g) |
| ☐ 893 Environmental Matters | ☐ 210 Land Condemnation | ☐ 462 Naturalization Application | ☐ 446 American with Disabilities – Other | ☐ 650 Airline Regs | ☐ 864 SSID Title XVI |
| ☐ 894 Energy Allocation Act | ☐ 220 Foreclosure | ☐ 463 Habeas Corpus-Alien Detainee | ☐ 440 Other Civil Rights | ☐ 660 Occupational Safety /Health | ☐ 865 RSI (405(g)) |
| ☐ 895 Freedom of Info. Act | ☐ 230 Rent Lease & Ejectment | ☐ 465 Other Immigration | | ☐ 690 Other | **FEDERAL TAX SUITS** |
| ☐ 900 Appeal of Fee Determi-nation Under Equal Access to Justice | ☐ 240 Torts to Land | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 245 Tort Product Liability | | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☐ 290 All Other Real Property | | | | |

CV12-8679

**FOR OFFICE USE ONLY:**   Case Number:

CV-71 (05/08)

US_ACTIVE-110650348 1-FDBARON 10/08/2012 4:49 PM

CIVIL COVER SHEET

Page 1 of 2

American LegalNet, Inc.
www.FormsWorkflow.com

CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☒ No ☐ Yes

If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☐ No ☒ Yes

If yes, list case number(s): Vartanian v. VW Credit, Inc., Case No. 2:11-CV-10776-SVW-RZ

**Civil cases are deemed related if a previously filed case and the present case:**

(Check all boxes that apply)  ☒ A. Arise from the same or closely related transactions, happenings, or events; or

☒ B. Call for determination of the same or substantially related or similar questions of law and fact; or

☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or

☐ D. Involve the same patent, trademark or copyright, _and_ one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.

☐  Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles County | |

(b)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.

☐  Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | Delaware, Virginia |

(c)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.

**Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles County | |

**\* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**

Note: In land condemnation cases, use the location of the tract of land involved

X. SIGNATURE OF ATTORNEY (OR PRO PER): _____  Date  10/8/12

Notice to Counsel/Parties: The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

American LegalNet, Inc.
www.FormsWorkflow.com

**CERTIFICATE OF SERVICE**

*Akopian v. VW Credit, Inc., et al.*

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is REED SMITH LLP, 101 Second Street, San Francisco, CA 94105. On October 10, 2012, I served the following document(s) by the method indicated below:

**CIVIL COVER SHEET**

☐ by transmitting via facsimile on this date from fax number 415-659-8269 the document(s) listed above to the fax number(s) set forth below. The transmission was completed and was reported complete and without error. The transmission report was properly issued by the transmitting fax machine. Service by fax was made by agreement of the parties. The transmitting fax machine complies with Cal.R.Ct 2003(3).

☒ by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at San Francisco, California addressed as set forth below. I am readily familiar with the firm's practice of collection and processing of correspondence for mailing. Under that practice, it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if the postal cancellation date or postage meter date is more than one day after the date of deposit for mailing in this Declaration.

☐ by placing the document(s) listed above in a sealed envelope(s) and by causing personal delivery of the envelope(s) to the person(s) at the address(es) set forth below.

☐ by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

☐ by placing the document(s) listed above in a sealed envelope(s) and consigning it to an express mail service for guaranteed delivery on the next business day following the date of consignment to the address(es) set forth below.

☐ by transmitting via email to the parties at the email addresses listed below:

Gregory N. Karasik, Esq.
Karasik Law Firm
11835 W. Olympic Blvd., Suite 1275
Los Angeles, CA 90064
Telephone: 310-312-6800
Facsimile: 310-943-2582
Email: greg@karasiklawfirm.com

I declare under penalty of perjury under the laws of the United States that the above is true and correct. Executed on October 10, 2012, at San Francisco, California.

Linda I. Pringle

US_ACTIVE-110797461.1-FDBARON   10/10/12 9:39 AM